POWELL v. AMOSS.

| 85  | 273 |
| 114 | 306 |
| 85  | 273 |
| 122 | 259 |
| 85  | 273 |
| 129 | 385 |

Section 732 of the code, requiring notice to users of a private way, as a preliminary to closing up the same, seems applicable to the facts of this case. And the burden of proving notice is upon him whose duty it is to give it.

April 23, 1890.

Private ways. Notice. *Onus*. Before Judge LUMP-KIN. Hancock superior court. October term, 1889.

Mrs. Amoss filed her petition to the July term, 1889, of the court of ordinary of Hancock county, praying that Powell be required to remove obstructions placed by him in a private way over his land, used and owned by her. Upon the trial, the son of petitioner testified that he had known the way since 1869, when his mother purchased a tract of land from defendant, on which he and his mother had since resided. This had been used by defendant and his mother ever since, until it was obstructed about the latter part of May, 1889. The road-bed he thought was the same. He had never worked the road, but had cut out some trees which had fallen across it, and there were some trees cut out by defendant's hands. He does not think the road was over fifteen feet wide at any place. Some years ago, one Binion cut down a board tree along this way, but the road-bed was not changed, nor did plaintiff cease to use the way on this account. At the other extremity of the road, where it entered the Sheffield road, there were originally three prongs. Several years ago, a large tree fell across one of them, and it was down for some time, but was finally cut out by defendant or by his direction and permission, and the use of that prong was resumed. The other two branches were never closed. Another witness testified for the plaintiff that he had known the road for fifteen years or more; had traveled it frequently, and had sometimes seen trees

across it. He did not know whether it was more than. fifteen feet wide or not. He never saw it worked, and did not know whether it was ever worked or not. On one occasion he had seen a dead tree across it, but upon his return it had been removed, by whom he did not know. The plaintiff introduced a deed made to her by the defendant on March 25, 1869, which conveyed two tracts of land " together with all privileges and appurtenances thereto in any way belonging."

The defendant testified that in 1869, he sold to plaintiff the land from which this road leads. At that time he was using the road, but did not own it nor the land over which it passed, the land being then owned by Bass, and it was bought by him four or five years after he sold to plaintiff. He never objected to plaintiff's using the way, but never recognized that she had any right to it whatever. Binion cut a tree for boards across the way, and it remained across it for some time, and defendant and others drove around the tree, leaving the main body of the way. He presumes plaintiff did the same thing. Another tree fell across the road at a point where it went into the Sheffield road. It remained as an obstruction in the way for some time, until he gave it to another to make boards out of. Another witness testified that he had known the road for many years. He is defendant's tenant; has cut some trees that have fallen across the road at different times, and has used the road sometimes in coming and going to his fields. Another testified that he had been along the road and thought he had driven out of it eight or ten feet from the original way, and that this deviation extended from fifteen to twenty yards in length, and where it came back into the original way that way was more than fifteen feet wide.

The ordinary refused the application, and the petitioner carried the case by *certiorari* to the superior court,

alleging that under the law and facts she showed a prescriptive right of way to the road and also a right of way by purchase, and that under the facts the defendant had no right to close the road without giving her notice, so that she might proceed to make it a private way, if it were not already one. The judge of the superior court reversed the judgment of the ordinary and ordered the case to be brought again before him. The defendant excepted.

J. T. JORDAN, by HARRISON & PEEPLES, for plaintiff in error.

R. H. LEWIS, by brief, *contra*.

BLECKLEY, Chief Justice.

We see in the record no trace whatever of title by purchase, to the private way in dispute, and no very distinct indication of title by prescription. If the case rested on these elements alone, we should be disposed to think that the ordinary's decision was correct, and that the superior court erred in overruling that decision. But the code, §732, declares that, "When a road has been used as a private way for as much as one year, an owner of land over which it passes cannot close it up without first giving the common users of the way thirty days' notice in writing, that they may take steps to have it made permanent." The evidence is clear that this private way was used by the petitioner, Mrs. Amoss, for a long period—much more than one year before it was obstructed by Mr. Powell. There is no hint that he gave her any notice of his intention to close or obstruct the way before placing the obstruction complained of. If the notice required by the statute ought to have been given, the duty of giving it was upon him, and the burden, also, of proving that it was given. Under these circumstances, we cannot hold that the superior court

erred in sustaining the *certiorari* and remanding the controversy to the ordinary for a new hearing.

*Judgment affirmed.*