TRIMBLE, administratrix, *v.* MIMS.

| 92 | 103 |
|----|----|
| 106 | 515 |

| 92 | 103 |
|----|----|
| 129 | 384 |

In an action upon a promissory note against the maker by the payee's personal representative, in which action the statute of limitations is sought to be avoided by the plaintiff on the ground that at the time the note was made the defendant resided in this State and subsequently removed therefrom, the defendant is not an incompetent witness, by reason of the death of the payee, to prove in his own behalf where he was domiciled at that time.   His domicile or place of residence was no part of any transaction or communication with the deceased payee of the note.
May 22, 1893.

Complaint on note.   Before Judge WESTMORELAND.
City court of Atlanta.   September term, 1892.

The note sued on was dated May 28, 1874; the declaration was filed December 7, 1891.   It was alleged, that in the year 1874 the maker removed from Georgia and has ever since continued to reside out of the State. There was a verdict for the plaintiff.   A new trial was granted on the ground, that when defendant was offered as a witness to testify where he was domiciled when the note was executed, plaintiff (administratrix of the payee) objecting on the ground that the payee was dead, the

court held defendant incompetent and excluded the testimony. Plaintiff excepted.

THOMAS W. LATHAM, for plaintiff.

BLECKLEY, Chief Justice.

If, when the note sued upon was executed, the maker resided out of this State, the statute of limitations would run in his favor from the maturity of the note, with no suspension on account of his non-residence within the State; but if he resided here when the note was executed and afterwards removed, his removal would suspend the statute until his return. This being the state of the law, it was a vital fact in the case as to where his residence was at the date of the note. Was the maker himself, the payee being dead and the action being brought by his personal representative, a competent witness on this question? He certainly was. The evidence act of 1889 (Acts of 1889, p. 85) disqualifies him only as to transactions or communications with a deceased person. No such transaction or communication was involved in the fact of residence or in what was testified concerning it. None such was mentioned by the witness or referred to by him as having any tendency to fix or determine his residence or to aid in identifying it. The fact of a man's residence at a particular place at a given time is one of such an open and public nature as to render it likely that the means of replying to any testimony he may give on the subject will generally be accessible to the opposite party to the suit, whether the party to the contract sued upon be living or dead. At all events, the testimony now in question is not embraced in the letter of the act of 1889, and that itself is made by the express terms of the act a conclusive reason in favor of the competency of the witness.

As a distinction is sometimes made between residence

and domicile, it may be proper to add that there is no reason to think any such distinction was in sight in the present case in the mind of the witness, the counsel or the court. We think it clear that domicile was used in the sense of residence and not otherwise.

*Judgment affirmed.*