PETERS *v.* LITTLE.

Where one who had for a period of more than two years used as a private way a strip of land belonging to another, then at the request of the owner abandoned this strip and, with his consent, used in its stead as a private way, for more than five but less than seven years, another strip of land belonging to him, no prescriptive right to the use of either strip as such private way arose in favor of the person first mentioned; and whatever may be the rights of this person under the facts stated, the ordinary had no jurisdiction to summarily order the removal of obstructions placed in the new strip by the owner.

December 4, 1894.

Petition for *certiorari.*    Before Judge LUMPKIN.    Fulton superior court.    March term, 1894.

AUSTIN & PARK, for plaintiff.

H. M. PATTY, for defendant.

LUMPKIN, Justice.

The error complained of in this case was the refusal of the judge of the superior court to sanction a petition for *certiorari.*    This petition alleged, in substance, the following facts: The plaintiff, Mrs. Peters, presented to the ordinary of Fulton county a petition against Joseph Little, praying for the removal of obstructions placed by him in a private way of which she had been in the uninterrupted and continuous use for more than seven years.    The evidence introduced before the ordinary showed that Mrs. Peters had used as a private way, for a period of more than two years, a strip of land belonging to the defendant, and then, at his request and with his consent, had abandoned this strip and used in its stead as a private way, for more than five but less than

seven years, another strip of land which belonged to him. After hearing the evidence, the ordinary refused to grant the prayer of the petition, and ordered it to be dismissed.

The plaintiff's theory was, that by tacking together the two distinct periods during which she had used as a private way the two separate strips of land, she made a case of seven years prescription under section 737 of the code. We do not think this contention was sound. In order to acquire the statutory prescriptive right to a private way by constant and uninterrupted use of the same for seven years or more, the use must relate strictly to the same identical strip of land over which such right is claimed. In the present case, neither of the strips in question was used by the plaintiff for such a period. She might have acquired a prescriptive right over the first strip if she had continued to use it; but when she voluntarily abandoned it, although she did so with the consent and at the request of the defendant, the prescription ceased to run in her favor as to that particular strip. As to the second strip, her use of the same did not continue for the requisite time to give a prescriptive right of way over it. See *Follendore* v. *Thomas et al.*, 93 *Ga.* 300, 20 S. E. Rep. 329, which is somewhat in point.

Under the facts stated, we do not mean to say she has no rights at all as against the defendant Little. This is, however, a matter with which we are not now called upon to deal. We are quite certain that, in view of the facts above recited, the ordinary had no jurisdiction to summarily order the removal of the obstructions complained of; and consequently, the judge of the superior court was right in refusing to sanction the *certiorari*.

*Judgment affirmed.*