### GOMEZ, administrator, *v.* JOHNSON *et al.*

1. Upon the trial of a suit against the representative of a deceased party upon an account embracing items for services rendered, and for board and rent of room furnished by plaintiffs to deceased, it is not error to permit one of the plaintiffs to testify that they operated a boarding-house during the time named in the account, when it appears that such fact in nowise involved any transaction or communication had by plaintiffs with deceased.
2. On such a trial it is error for the court to charge the jury, "that if services were rendered by any one, a stranger to the suit or a sister of the plaintiffs, even though they were not hired servants and were not compensated by the plaintiffs, and although they claimed nothing as compensation from either the deceased or the plaintiffs, that if such services were rendered by such person at plaintiffs' request, they could recover"; it not appearing that the deceased was any party or privy to such an understanding had between the plaintiffs and their sister, and the testimony showing that the services rendered by the latter were merely gratuitous.
3. The testimony did not require, even if it authorized, the verdict of the jury, independently of the above charge; and there being strong reason to infer that this error of the judge influenced the jury to the injury of the plaintiff in error, the judgment overruling the motion for a new trial is reversed.

Argued December 17, 1898. — Decided February 11, 1899.

Complaint.    Before Judge Berry.    City court of Atlanta. July 9, 1898.

*Simmons & Corrigan,* for plaintiff in error.
*Peter F. Smith,* contra.

LEWIS, J. Annie Johnson and Georgia Carroll filed complaint against G. P. Gomez as administrator of the estate of John Bryson, deceased, alleging an indebtedness of $220 on an open account. The items of the account were as follows:

Room rent from July 1, 1893, to July 6, 1894, at $10 per month, $120.00. Nursing said John Bryson in August and September, 1893, at his special instance and request, $41.00.

Nursing said John Bryson from April 3, 1894, to May 27, 1894, at his special instance and request, $55.00.    One week's table board ending May 27, 1894, $4.00.    To this action the defendant pleaded, denying the allegations in plaintiffs' petition. The jury returned a verdict for the plaintiffs for $59.50, besides interest, whereupon defendant moved for a new trial, and alleges error in the judgment of the court overruling his motion.    It appears from the testimony in the record, that the plaintiffs were keeping a boarding-house, and that the deceased was one of their boarders at the time of his death.    He was boarding with them a portion of the time during the year 1893. During the fall of that year he went to Florida, and requested them to keep his room for him at the rate of $10 per month. He returned to plaintiffs' boarding-house in the spring of the following year, and there died on May 27, 1894.    There was some evidence to the effect that he admitted owing plaintiffs; that they had been kind to him, and that he desired to compensate them by making them a deed to a lot which he owned. It further appeared that one of the plaintiffs was engaged in a store all day, and the other was engaged about her household duties.    There was evidence of some slight service rendered by plaintiffs in waiting on deceased while he was sick; but the testimony tended to show that the principal attention he had was from a sister of the plaintiffs, who administered to him medicines, and otherwise gave him some attention.    This sister, who was also boarding with plaintiffs, testified that she rendered the service simply because she was requested to do so by the plaintiffs; that she charged nothing therefor; expected no compensation either from the deceased or the plaintiffs.    There was evidence, on the other hand, that the deceased shortly before his death drew ten dollars from the bank, and stated that he owed the plaintiffs one week's board, and desired to pay the same.    He left about half this sum of money drawn from the bank in his possession at the time of his death.    Other boarders with plaintiffs testified that they did not pay their room rent and table board separately; that it was all included together at a rate of about four dollars per week.    This is substantially the material portion of the evidence bearing upon the issues of law presented by the motion for a new trial.

1. Besides the general ground in the motion for a new trial, that the verdict was contrary to the evidence, it was alleged that the court erred in permitting one of the plaintiffs to testify over objection of defendant's counsel, the suit being one against the representative of a deceased person. The only testimony of this witness, except a few facts brought out on cross-examination in the interest of defendant, was that she and her sister, the other plaintiff in the case, operated a boarding-house, and paid forty dollars per month therefor for the year 1893, and up to the summer of 1894, and that the rooms were all comfortably furnished and carpeted. It will be noted that the evidence act contained in Civil Code, § 5269, par. 1, does not provide that when a suit is defended by the personal representative of a deceased person the opposite party is an incompetent witness for any purpose; but the act renders him incompetent only as to transactions or communications with such deceased person. The testimony of this witness did not in anywise relate to any transaction or communication with the deceased. Under repeated rulings of this court, she was clearly competent to testify to other matters which did not relate to such transactions. *Puryear* v. *Foster*, 91 *Ga.* 444; *Trimble* v. *Mims*, 92 *Ga.* 103; *Woodson* v. *Jones*, 92 *Ga.* 662–3–4; *Ullman* v. *Brunswick Title Co.*, 96 *Ga.* 628.

2. Another ground in the motion for a new trial was alleged error in charging the jury that if services were rendered by any one, a stranger to the suit, or a sister of the plaintiffs, even though they were not hired servants, and were not compensated by the plaintiffs, and although they claimed nothing as compensation from either the deceased or the plaintiffs, if such services were rendered to such person at plaintiffs' request, they could recover. In the light of the testimony, this instruction of the court was clearly erroneous. Apart from the fact that it did not appear the deceased was a party or privy to any understanding between the plaintiffs and their sister with reference to rendering him service, the only legitimate inference that can be drawn from the testimony is that the services rendered by this sister were purely gratuitous, and not with the idea that any debt would thereby be created against the deceased in favor of either herself or the plaintiffs.

3. It is insisted, however, that, regardless of the above error, the evidence demanded a verdict for even more than the amount found by the jury. Upon a careful review of the testimony, we do not think it *demanded* a finding for any amount, and certainly not any specific or definite amount. The charge, therefore, was calculated to injure the defendant, and the court. erred in overruling the motion for a new trial.

*Judgment reversed. All the Justices concurring.*