## DODSON v. SCARBOROUGH.

Where a landlord leases a farm and permits the tenant to open thereon a road for his own convenience and the convenience of the community, and, after the expiration of the lease and the removal of the tenant from the land, the tenant and others are permitted for more than one year to use the road, another tenant, who has succeeded the first, can not, though so authorized by the landlord, close the road without giving the thirty days notice required by section 673 of the Political Code.

Argued February 2, — Decided February 27, 1900.

Certiorari. Before Judge Candler. Campbell superior court. February term, 1899.

*L. S. Roan,* for plaintiff in error.    *Hunt & Golightly,* contra.

SIMMONS, C. J.    Mrs. Smith leased certain land to Scarborough from the year 1888 to some time in 1895. During Scarborough's tenancy he cleared out an old path which had for years existed over the farm, and made it passable for vehicles. While he occupied the farm as a tenant he and his neighbors used this road. At the expiration of his lease he surrendered the premises, and they were leased to Dodson. Scarborough and his neighbors continued to use the road in going to and from the post-office, school, mill, church, etc., until May, 1897, when Dodson, with Mrs. Smith's approval and consent, closed it by putting a wire fence across it. Scarborough applied to the board of county commissioners, and prayed that the obstruction be removed. The commissioners refused to grant the prayer. Scarborough sued out a writ of certiorari to the judgment of

the commissioners. The certiorari was sustained, and Dodson excepted.

The judge of the superior court, in ordering a new trial, put his decision upon section 673 of the Political Code, which is as follows: "When a road has been used as a private way for as much as one year, an owner of land over which it passes can not close it up without first giving the common users of the way thirty days notice in writing, that they may take steps to have it made permanent." We think that the evidence fully authorized his judgment, which was based upon the section just quoted, and not upon section 672, which provides that "When a person has laid out a private way and has been in the use and enjoyment of it as much as seven years, of which the owners have had six months knowledge without moving for damages, his right to use becomes complete and such owners are barred of damages." The question was not one of prescriptive title to the road, but simply whether the road had been used by Scarborough and other common users for more than twelve months. If they had used it for more than twelve months, the landlord had no right to close it without giving thirty days notice. There was ample evidence that the road had been used for more than twelve months by Scarborough and those in his community, and the judge did not err in sustaining the certiorari. If Dodson still wishes to prevent travel over the road, he can give the thirty days notice, and the common users of the road can then file their petition to the proper county authorities to have the road established as a private way as prescribed by the code. Upon the hearing the county authorities may or may not establish the road.

*Judgment affirmed. All the Justices concurring.*