## GARDNER *v.* SWANN.

One who bases a petition for the removal of obstructions from a private way solely upon an alleged prescriptive use thereof by himself for more than seven years, and who fails to prove such use, is not entitled to a judgment in his favor. This is so for the reason that he does not make out his case as laid.

Argued November 14,— Decided December 11, 1901.

Certiorari.   Before Judge Reagan.   Henry superior court.
April term, 1901.

*W. A. & T. J. Brown*, for plaintiff in error.
*J. F. Wall*, contra.

LUMPKIN, P. J.   This was a petition to the ordinary of Henry
county, by Swann against Gardner, to require the latter to remove
certain obstructions from an alleged private way over the land of
the defendant.   The second paragraph of the application was in
these words:  "Petitioner has been in constant and uninterrupted
use for seven years of a permanent private road over said land, not
exceeding fifteen feet in width, and no legal steps have been taken
to abolish the same."   In the next paragraph of the petition the
location of the alleged private way is set forth and described.   A
trial was had, and as a result thereof the ordinary passed an order
in the following words:  "Upon-hearing the evidence in the above-
stated case, and it appearing to the court that the private way in
question has been in the continuous and uninterrupted use of peti-
tioner for more than seven years prior to the obstructing of the
same as alleged in the within application, it is therefore ordered
by the court that said W. A. Gardner remove the obstructions com-
plained of from said private way within forty-eight hours from this
date, and that he pay the costs of this proceeding."   Thereupon
Gardner sued out a petition for certiorari, in which it was, among
other things, alleged that the decision rendered by the ordinary
was contrary to evidence.   The certiorari was overruled, and Gard-
ner excepted.

Upon a careful consideration of the evidence adduced before the
ordinary, it appears that the applicant failed to prove the main alle-
gation of his petition, viz., the one above quoted.   He did not show
that he had been in constant and uninterrupted use of the road
over Gardner's land for more than seven years before presenting his
petition to the ordinary.   This was absolutely essential to the main-
tenance of his petition.   *Peters* v. *Little*, 95 *Ga.* 151; *Clark* v.
*Haymans*, 110 *Ga.* 326; *Buchanan* v. *Parks*, 111 *Ga.* 873.   As
will have been observed, the plaintiff predicated his right to have
the obstructions removed upon the ground that he had a prescrip-
tive right to use the way over the defendant's land.   The plaintiff

did not prove his case as laid, and therefore was not entitled to a decision in his favor.

In the brief of counsel for the defendant in error the point is made that the case fell under section 673 of the Political Code, which declares that: "When a road has been used as a private way for as much as one year, an owner of land over which it passes can not close it up without first giving the common users of the way thirty days notice in writing, that they may take steps to have it made permanent." In this connection the case of *Powell* v. *Amoss*, 85 *Ga.* 273, was cited and relied on. There, however, it appeared that the applicant based her right to have the obstructions removed, not only upon prescription and an alleged right by purchase, but also upon the ground that "under the facts the defendant had no right to close the road without giving her notice, so that she might proceed to make it a private way, if it were not already one." See page 275. This court accordingly predicated its decision upon the proposition that under the evidence it was clear that the private way in dispute had been used by Mrs. Amoss for more than one year before it was obstructed by Powell, and therefore he had no right to close the same without giving her due notice of his intention so to do. It will thus be seen that case is not in point. The present case falls within the provisions of section 678 of the Political Code, which reads as follows: "Whenever a private way has been in constant and uninterrupted use for seven years or more, and no legal steps have been taken to abolish the same, it shall not be lawful for any one to interfere with said private way." Plainly then, in view of the allegations of the plaintiff's petition, he had no right to any relief except such as could on proper proof have been granted under the section last mentioned.

*Judgment reversed.    All the Justices concurring.*