## NUGENT *v.* WATKINS.

Where one has acquired a prescriptive right to a private way, whether the prescription be of common-law or statutory origin, the right to the way presumably passes with the land to which it is appurtenant; and in an action by one holding the land under a deed from the prescriber, to re-

quire the removal of obstacles erected in the way, it is not necessary to allege that the way was laid out by the petitioner, or that the defendant had knowledge that the way was laid out, used, and enjoyed.

Argued October 10,—Decided November 10, 1905.

Certiorari.　Before Judge Hammond.　Richmond superior court. June 10, 1905.

Mrs. Nugent filed her petition in the court of ordinary of Richmond county, alleging that Sarah E. Watkins, of said county, had obstructed a private way running on, over, and between certain improved lands of said Sarah E. Watkins and certain other improved lands formerly belonging to Wilson Watkins and now the property in part of petitioner and in part of Salem Dutcher; that continuously for more than seven years prior to the obstruction referred to, the lands on, over, and between which the way ran were, and now are, improved lands, and the way has occupied, and now occupies, one and the same location, and has been and is of the same width, to wit, a width not exceeding fifteen feet, and has been continuously kept open and in repair by Wilson Watkins and petitioner, his grantee; and that the obstructions referred to have injured petitioner in a manner and to an extent set forth.　The petition prayed an order directing Sarah E. Watkins to remove the obstructions, or, in the event of her failure to do so, that a warrant issue requiring the sheriff to remove them.　By amendment it was alleged that the lands of Wilson Watkins were conveyed to him in the years 1866, 1867, and 1868; that in 1897 he conveyed to petitioner his improved lands, together with all and singular the rights, easements, ways, members, and appurtenances thereunto belonging, reserving to himself a life-estate in the property so conveyed; that continuously and uninterruptedly for more than seven years prior to this deed the private way in controversy ran on, over, and between the lands of Wilson Watkins and Sarah E. Watkins, during all of which time the lands in question were improved, and occupied one and the same location, and was of the same width, to wit, not exceeding fifteen feet, and was worked and kept open by Wilson Watkins, and was in constant and uninterrupted use, without any steps being taken to abolish the way; that Wilson Watkins remained continuously in possession of the life-estate referred to until his death in February, 1902; and that on the death of Wilson Watkins Mrs. Nugent became the owner in fee of all the property conveyed by the deed

executed in 1897. Mrs. Watkins demurred to the petition generally, and on the grounds, (1) that it was not alleged that the way was ever laid out by the petitioner; (2) that it was not alleged that the defendant ever had knowledge that the way was laid out, used, and enjoyed; and (3) that it appears that Salem Dutcher is one of the owners of the property appurtenant to which the way is claimed, but it does not appear how much or in what manner he owns, or why he is not a party to this suit. The ordinary sustained the demurrer and dismissed the petition; whereupon the plaintiff carried the case by certiorari to the superior court of Richmond county. The certiorari was overruled, and the plaintiff excepted.

*Salem Dutcher,* for plaintiff.

*Austin Branch* and *C. Henry Cohen,* for defendant.

CANDLER, J. (After making the foregoing statement.) In the able brief of counsel for the defendant in error a distinction is drawn between private rights of way by prescription at common law and under the Georgia statute. It is insisted that at common law a private right of way could be acquired by prescription only by reason of adverse possession accompanied by a claim of right, while under the act of 1872, as codified in the Political Code, §§ 678 et seq., prescription may ripen through the permissive use of the way for the required seven years; and it is contended that on this account the statutory prescriptive way is personal to the prescriber, and expires with the limitation of his estate. Applied to the case at bar, the contention is, that even if Wilson Watkins had a prescriptive way over the lands of Sarah E. Watkins, it ceased to exist at his death, and that his successor in title could not tack Wilson Watkins' prescription to her own occupancy of the way so as to set up a prescriptive title in herself. We can not concede the soundness of this position. Granting that the act of 1872 changed the common law in making more liberal provisions for the acquisition of a private way by prescription, we fail utterly to see how it can be said to follow that the prescriptive right, when once acquired as provided by the statute, is any less complete than it would have been if obtained under the more rigid requirements of the common law. Prescription is prescription, whether it be acquired at common law or by statute. The right itself has not been changed, but merely the method of obtaining it. The argument that section 672 of the Political Code, providing that "When a person has laid out a private

way, and has been in the use and enjoyment of it as much as seven years, of which the owners have had six months' knowledge without moving for damages, his right to use becomes complete, and such owners are barred of damages," was intended as a check, or balance, against the greater liberality allowed by the act of 1872, is, we think, untenable. A complete answer to it is that the alleged "check" was in existence before the act which it is claimed it was intended to check. This section was carefully construed and fully explained by our present Chief Justice in the case of *Watkins* v. *Country Club*, 120 *Ga.* 47, wherein it was held that the section in question was intended to apply only to private ways laid out under statutory proceedings, and not to a prescriptive way, such as the one now under consideration. While we recognize that what was there said is not binding in the present case, for the reason that it was not necessary to the decision rendered, the argument made is entirely convincing, and we are satisfied with the correctness of the conclusion there announced.

It follows, then, that under the allegations of the petition a prescriptive right to the private way in controversy had ripened in Wilson Watkins before his death, and presumably this right passed with the land to the plaintiff; for, as was held in *Taylor* v. *Dyches*, 69 Ga. 456, "Private ways are never presumed to be personal when they can be construed to be appurtenant to the land. They are in the nature of covenants running with the land." See also *Duggan* v. *Cox*, 78 *Ga.* 158; *Cunningham* v. *Elliott*, 92 *Ga.* 160. In this view of the case, it was not necessary, as contended by counsel for the defendant in error, that the petition should allege that the way was laid out by the plaintiff, or that the defendant had six months' notice that the way was laid out, used, and enjoyed. It follows that the position that it is necessary to set out the nature of the title of all the adjacent landowners, and make them parties to the suit, in order for the plaintiff to assert her right to the way, is untenable. Our conclusion is that the ordinary erred in sustaining the demurrer to the petition, and that the superior court should have sustained the certiorari.

*Judgment reversed. All the Justices concur.*