## NUGENT v. WATKINS.

1. The death of the grantor of one of the parties to a litigation in regard to an alleged private way does not render the other party or his agent entirely incompetent to testify as a witness, but only incompetent to testify to transactions or communications with the deceased. Independent physical facts which do not involve any such communication or transaction are not within the rule.

2. Evidence which tends to establish the issue is admissible, even if not of itself sufficient for that purpose.

3. Under a proceeding to cause obstructions to be removed from a private way, based on the act of 1872 (Civil Code, §§ 678, 679), and alleging solely that the way was one established by prescription for more than seven years, the applicant is not entitled to a judgment by proof that the road has been in use as a private way for more than a year, and that the owner has closed it without giving to the common users thirty days notice in writing, in order that they might take legal steps to have it made permanent, as required by § 673 of the Political Code.

4. An assignment of error, "that said ordinary erred in rendering said judgment of March 15th, 1906, denying your petitioner the relief prayed by her," is too general to raise any specific ground of error in rendering the judgment, in addition to those pointed out in special assignments of error.

5. There was no error in overruling the certiorari.

Submitted June 5,—Decided October 8, 1907.

Certiorari. Before Judge Hammond. Richmond superior court. September 4, 1906.

Eliza Nugent filed with the ordinary of Richmond county her petition against Sarah E. Watkins, seeking to have obstructions removed from an alleged private way, under the provisions of the Civil Code, § 679. She alleged that the way had existed and had been worked and kept open and in repair by her and her grantor, and was in their constant and uninterrupted use, for more than seven years prior to its obstruction. The ordinary, under the evidence, rendered judgment for the defendant. On certiorari his judgment was sustained and the plaintiff excepted.

*Salem Dutcher*, for plaintiff.

*Austin Branch* and *C. H. & R. S. Cohen*, for defendant.

LUMPKIN, J. (After stating the foregoing facts).

This case is here for the second time. The ordinary dismissed the petition on demurrer. The judge of the superior court sustained his decision. On exception this court reversed the judgment. *Nugent v. Watkins*, 124 *Ga.* 150 (52 S. E. 158). On the trial, under the evidence, the ordinary found for the defendant.

The case was carried to the superior court by writ of certiorari, and from the judgment of that court sustaining the decision of the ordinary it was brought by writ of error to this court. The assignments of error may be grouped under three heads: (1) Overruling objections to the competency of the defendant and her employee as witnesses, and allowing them to testify as to obstructions placed in the alleged way at different times, in order to show that there had not been seven years continuous and uninterrupted use of it. Objection was made to this, on the ground that petitioner relied on use both by herself and her grantor, Watkins, and that what occurred during his lifetime amounted to transactions with him. (2) Allowing several witnesses to testify that one end of the lane or way had been obstructed for a number of years; that the obstruction consisted of a post put up in the lane and some signs containing the words, "Private Lands," one witness testifying that the post stayed there for a time and then some person moved it or took it away, and another that it had remained there. They stated that this end of the alleged way was obstructed before the death of Watkins. The evidence was objected to on the ground of its legal insufficiency to change the character of the way as an established dividing line, or to break the legal continuity of its use. (3) Because "said ordinary erred in rendering said judgment of March 15th, 1906, denying your petitioner the relief by her prayed."

1. The death of the grantor of one of the litigants did not render the other and her agent incompetent to testify at all as witnesses, but prevented them from testifying to transactions or communications with the deceased grantor. *Murphey* v. *Bush,* 122 *Ga.* 715 (50 S. E. 1004). The fact that she caused obstructions to be placed in the alleged way at different times, and closed the lower portion of it so as to prevent wagons from going through, and the physical condition of the alleged way, did not constitute communications or transactions with the deceased grantor. The evidence did not show that there was any discussion or agreement in regard to this matter, or that there was any communication or transaction between the defendant and the deceased grantor in connection with it. So far as shown, it was merely the independent physical act of the defendant, with which he was in no way connected by communication or action; and it did not even

appear that he was present. What has just been said applies even more clearly to the evidence of the defendant's employee, who stated that he had put posts in the lane, to block it up, three times during the preceding fourteen years, and that they would stand for a year or two, except the last, which still remained. Evidently this could not be called a communication or transaction between the employee and Watkins. *Puryear* v. *Foster,* 91 *Ga.* 444 (18 S. E. 316); *Trimble* v. *Mims,* 92 *Ga.* 103 (18 S. E. 362); *Gomez* v. *Johnson,* 106 *Ga.* 513 (32 S. E. 600); *Parker* v. *Salmons,* 113 *Ga.* 1167, 39 S. E. 475, (which goes quite far); *Horton* v. *Smith,* 115 *Ga.* 66, 41 S. E. 253 (also a strong case arising prior to the act of 1900). In *Mayfield* v. *Savannah R. Co.,* 87 *Ga.* 374 (13 S. E. 459), it was sought to show by the plaintiff, an employee of the railroad company, that while engaged in the discharge of his duties, just as he had put one foot upon the rim of the pilot of the engine, the engineer put on steam and thus caused the engine to jerk, resulting in an injury to the plaintiff. This was a "transaction" in which both the plaintiff and the engineer were engaged, and the plaintiff was incompetent to testify in regard to it after the death of the engineer. The ruling is discussed in *Atlanta, K. & N. Ry. Co.* v. *Roberts,* 116 *Ga.* 509 (42 S. E. 753). There is nothing in *Hendrick* v. *Daniel,* 119 *Ga.* 358 (46 S. E. 438), or in *Parker* v. *Ballard,* 123 *Ga.* 443 (51 S. E. 465), which conflicts with the ruling now made. In her testimony the defendant did make use of the expression "and Wilson Watkins never objected." Had attention been specially called to this, it should and doubtless would have been rejected. But the objection covered a considerable amount of evidence, in which these few words occurred. We do not think this requires a reversal.

2, 3. The petitioner alleged that the private way had been opened and in use continuously for more than seven years. The defendant denied this, and introduced evidence to show that she had caused the way to be closed at different times, so as to prevent wagons passing over it; and that she had had posts erected in it and signs put up declaring it to be private grounds. This evidence tended to sustain her contention, and was admissible. There was no error in refusing to rule out parts of it on the ground that the portions so objected to did not constitute a complete defense. Evidence which tends to establish the issue is admissible,

even if not of itself sufficient for that purpose. *Columbus Omnibus Co.* v. *Semmes,* 27 *Ga.* 283; *Smith* v. *Griffin,* 32 *Ga.* 81; *Walker* v. *Mitchell,* 41 *Ga.* 102; *Talbotton R. Co.* v. *Gibson,* 106 *Ga.* 229 (5), 236 (32 S. E. 151). If the admissibility of evidence is doubtful, the tendency is rather to let it in, leaving its weight and efficacy to be judged of afterwards. But the evidence here objected to bore directly upon the issue between the parties.

It was contended that by the Political Code, §673, it is provided that "When a road has been used as a private way for as much as one year, an owner of land over which it passes can not close it up without first giving the common users of the way thirty days notice in writing, that they may take steps to have it made permanent;" that no notice in writing was given, and therefore the closing up or obstructing the private way was unlawful; and that such an obstruction could not interrupt the continuity of the use. It was further urged that the fact that no written notice was given necessitated a judgment in favor of the petitioner, requiring the obstructions to be removed. Whether the method of procedure to have obstructions removed from a private way, provided for by the act of 1872 (Pol. Code, §679), applies only to the private ways mentioned in that act, viz.: those which have been in constant and uninterrupted use for seven years or more without legal steps having been taken to abolish them, or whether this mode of procedure also applies to roads which have been used as private ways for more than a year, as to which it had previously been declared that the owner could not close them up without giving to the common users thirty days written notice (Pol. Code, §673), we need not decide. The decisions do not seem to be quite harmonious on this subject. Some of them deal with the act of 1872 (Pol. Code, §§678, 679) without reference to section 673. Others seem to assume that the method of procedure applies to both situations. See *Brown* v. *Marshall,* 63 *Ga.* 657; *Powell* v. *Amoss,* 85 *Ga.* 273 (11 S. E. 598); *Peters* v. *Little,* 95 *Ga.* 151 (22 S. E. 44); *Dodson* v. *Scarborough,* 10 *Ga.* 4 (35 S. E. 291); *Buchanan* v. *Parks,* 111 *Ga.* 873 (36 S. E. 947); *Kirkland* v. *Pitman,* 122 *Ga.* 256 (50 S. E. 117). If we assume, however, that this method of procedure is applicable both to prevent the closing up of the road used as a private way for more than one year, without written notice, and also to remove obstructions from private ways in

constant and uninterrupted use for seven years or more, the petitioner can not proceed on the ground alone that she has a perfect prescriptive right of way, and, failing to establish that, obtain a judgment on the ground that there was no written notice given by the owner of his intention to close up the road. She alleged that the private way in question had been in constant and uninterrupted use for seven years or more. This was denied. She must recover on the case which she made, if at all. If she desired to rely upon the closing of the road used as a private way by the owner thereof without written notice, she should have made proper allegations to invoke the law on that subject. If one alleges the existence of a prescriptive right of way, which is denied, and on this issue alone the case is tried, a judgment ordering the removal of obstructions from such way adjudicates its existence as a permanent, prescriptive way, and is binding as a judgment. If, on the other hand, the allegation is that a road has been used as a private way for as much as one year, and that the owner of the land over which it passes has closed it up without first giving the common users of the way thirty days notice in writing, in order that they may take steps to have it made permanent, a judgment requiring the obstructions to be removed will not fix the character of the way as a permanent, prescriptive way, but will only prevent the closing up of the road by the owner until he has given the notice. He would still be at liberty to give the written notice and then close up the road, unless, in the meantime, it had been duly established as a permanent way. The results of the proceeding on the one ground or the other are quite different. If it is desired to invoke one law or the other, or both (if both can be joined), the pleadings should be shaped accordingly; and the proper practice would be for the judgment to show upon what it rested. Otherwise proof of a mere failure to give written notice, under an issue as to the existence of a permanent way by prescription, might result in a judgment in effect declaring a permanent way where none in fact existed. *Gardner* v. *Swann,* 114 *Ga.* 304 (40 S. E. 271).

4, 5. A general assignment of error, "that said ordinary erred in rendering said judgment of March 15th, 1906, denying your petitioner the relief by her prayed," is too general to raise any specific point for adjudication as to why the ordinary erred in

rendering the judgment, in addition to the reasons already specially assigned. If the certiorari as a whole should be treated as raising the question whether the judgment was supported by the evidence, we think it was . without merit. The evidence was conflicting. The defendant, among other things, testified that "this lane never has been open for seven years at a time." If there was no such way as the petitioner alleged, putting a second obstruction in it did not create a right where none existed. The ordinary has passed upon the evidence, the judge of the superior court has approved his judgment, and we will not interfere.

*Judgment affirmed. All the Justices concur.*