## McElwaney *v.* MacDiarmid.

Holden, J. 1. Where in a deed by the owner of a tract of 330 acres of land, conveying 6 acres thereof, the granting clause contains the following language, "with the exception of a road 12 feet wide on the north line of the 6 acres aforesaid to remain open," *Held:*

(a) The fee to the whole of the 6 acres, including the part thereof on which the road is to remain open, passes to the grantee.

(b) An easement by virtue of which the road is to remain open is created and is appurtenant to the remaining part of such tract of 330 acres. *Stovall* v. *Coggins Granite Co.,* 116 *Ga.* 376 (42 S. E. 723); *Taylor* v.

7

*Dyches*, 69 *Ga.* 455; *Murphey* v. *Harker*, 115 *Ga.* 77 (41 S. E. 585); *Nugent* v. *Watkins*, 124 *Ga.* 150 (52 S. E. 158).

2. Where upon the trial of a case the plaintiff claims an easement by virtue of which he contends a road is to remain open, and one of the issues upon such trial is whether or not such easement has been lost, either by abandonment or by forfeiture by non-user, it is error to charge that "the failure to use it [the road] for several years would not amount to -an abandonment, would not be said to have been lost. To lose it there must be absolute refusal to use it for a long time—so long as to cause the public to think and believe that he never intended to use the right and had abandoned and gave up the right entirely." An easement may be lost or forfeited by the owner without his "absolute refusal" to exercise his privileges thereunder. Such easement will cease to exist if there be an abandonment or non-user thereof by the owner for a term sufficient to raise the presumption of release or abandonment. Civil Code, § 3068; *Gaston* v. *Railway Co.,* 120 *Ga.* 516 (48 S. E. 188).

(*a*) An assignment of error that the court erred in not allowing certain named questions on direct examination of a witness answered will not be considered, when it does not appear that the court was informed what answers were expected.

(*b*) The court committed no error in failing to charge in reference to the character of a party to litigation, when there was no testimony concerning such character and it was not in issue.

(*c*) Under the facts of this case, it was not error to refuse to admit the following testimony in behalf of the defendant: "The defendant offered to have the premises in dispute measured by the county surveyor."

(*d*) Where there was testimony upon such trial by the plaintiff that there was an "outlet" at one end of said road, it was error to refuse to allow testimony offered by defendant that there was no such "outlet."

(*e*) Testimony of statements of the predecessor in title to the property over which the easement is claimed, made while he owned and was in possession of such property, tending to show that he recognized the existence of such easement, was admissible to show the existence of such easement at the time such statements were made.

3. A request to charge, a part of which is that when a deed is recorded it "would be binding as to notice from date of record if he [the party sought to be bound] has actual notice of record," is properly refused, because such record would be notice of its contents even though such party had no actual knowledge of such record.

4. There were six deeds introduced in evidence upon the trial of the case. *Held,* that an assignment of error that "the court erred in allowing deeds admitted in evidence," without specifying the deeds referred to, or the grounds of objection made to their introduction, is not a good assignment of error.

5. A party can not complain that the court erred in failing to deliver in specified language a charge, when such charge, if given in the language specified, would not be an accurate statement of the law.

6. A request for the court to charge the law as to prescriptive rights and adverse possession is too general and indefinite. *Spence* v. *Morrow*, 128 *Ga.* 722 (58 S. E. 356); *Smith* v. *State*, 125 *Ga.* 300 (54 S. E. 124).

<i>Judgment reversed. All the Justices concur.</i>

Submitted February 6,—Decided July 21, 1908.

Equitable petition. Before Judge Reagan. Fayette superior court. April 29, 1907.

*W. B. Hollingsworth* and *Blalock & Culpepper,* for plaintiff in error. *J. W. Wise,* contra.