## JOHNSON v. WILLIAMS et al.

1. In a proceeding to remove an obstruction from a private way over the land of another, it is not necessary to describe the way in so far as it extends over the land of others; it is sufficient if the description of the way through the land where the obstruction is alleged to have been placed is accurately defined.

2. The summary remedy for the removal of an obstruction from a private way as provided in the Civil Code, § 825, is applicable alike to prescriptive ways as described in the Civil Code, § 824, and to private ways used for as much as one year where the landowner fails to give 30 days notice (Civil Code, § 819).

(a) An applicant for the removal of an obstruction from a private way may base his right to relief upon both code sections; but in the event the applicant prevails and the obstruction is ordered to be removed, the judgment of the ordinary should show upon which claim of the applicant it rests; whether upon a finding that the applicant has a prescriptive right to the way, acquired by seven or more years user, or upon a finding that applicant had used the road for as much as one year and the landowner had closed it without giving 30 days written notice of his intention so to do.

NOVEMBER 15, 1912.

Certiorari. Before Judge Rawlings. Bulloch superior court. October 26, 1911.

J. J. E. Anderson, for plaintiff in error. F. T. Lanier, contra.

EVANS, P. J. W. W. Williams and others filed a petition against J. L. Johnson, before the ordinary of Bulloch county, praying for the removal of an obstruction from a private way, which was alleged to have been in the constant and uninterrupted use of the applicants for a period of seven years. A demurrer was interposed to the sufficiency of the petition as stating a cause of action. An amendment to the petition was allowed over objection. The court overruled the demurrer, and adjudged that the defendant remove the obstruction, on the ground that he failed to give 30 days written notice of his intention to close the private way; the court finding that applicants had no prescriptive right of private way over the defendant's land. The defendant sued out a writ of certiorari, which was overruled, and he excepted.

1. One ground of the demurrer is aimed at the sufficiency of the description of the private way, which is described only to the extent it passes over the land of the owner who is alleged to have placed an obstruction in it. The contention of the demurrant is that the private way should be accurately described between its termini, beyond the limits of the land from which the obstruction

is to be removed. We think not. The issue is whether the claimants have a right of private way over the land of the owner who obstructs it. It is beside the question to inquire into the claimants' right of way over adjoining lands, the owners of which do not object to applicants traveling over their land.

2. In the amendment the applicants alleged that they had used the private road which was obstructed, for more than a year, and that it was closed without giving the users 30 days notice in writing, as required by the statute. Inasmuch as in the original petition the applicants alleged that they had a prescriptive right to use the road, it is contended that the amendment introduced an entirely new cause of action. The Civil Code, § 819, declares that when a road has been used as a private way for as much as one year, an owner of land over which it passes can not close it up without first giving the common users of the way 30 days written notice, that they may take steps to make it permanent. Section 824 declares that whenever a private way has been in constant and uninterrupted use for seven years or more, and no legal steps have been taken to abolish the same, it shall not be lawful for any one to interfere with said private way. Section 825 provides a summary remedy for removing obstructions; and the question presented is, whether this remedy is applicable alike to sections 819 and 824, and whether in the same petition applicants may base their right to have an obstruction removed from a private way on the dual claim that they have a prescriptive title to the way, and that the way has been used for a year and no written notice has been given to the common users of the landowner's intention to close the private way.

There seems to be some confusion in our decisions upon this point. In *Brown* v. *Marshall, 63 Ga.* 657, it was said in the opinion that the remedy is confined to cases of private ways which arise by prescriptive right acquired by seven years or longer user of the way. The issue presented in that case was whether the claimant had a seven years prescriptive right to the use of the private way which was obstructed; and it was adjudged that the applicant, not having enjoyed the use of the right of way for as much as seven years, was not entitled to have the obstructions removed. It was not necessary to decide whether the remedy was limited to removal of obstructions from a private way based on a

prescriptive use of seven years, and the decision is not authoritative on the point in hand. The code section providing the remedy for the removal of obstructions from a private way is taken from the act of 1872, which also contains a section declaring that there shall be no interference with a private way which has been in constant and uninterrupted use for seven years or more. If we consider this act of the General Assembly as independent and isolated legislation, the remedy would be confined to the character of road mentioned in the act. But when the act was brought into the code, the remedial part was segregated into a distinct section and placed in pari materia with both the other code sections. When the code was adopted as a statute, the summary remedy therein provided became applicable to the removal of obstructions, not only from a prescriptive way, but also from one which has existed for a less period than would give prescription, but where the owners of the land over which it passes have not given the statutory 30 days notice to close it. The trend of subsequent decisions illustrates this view. In *Powell* v. *Amoss,* 85 *Ga.* 273 (11 S. E. 598), it was distinctly held that the provisions of section 825 had reference to a private road which the claimant had been using for only as much as one year; and there is an intimation to the same effect in *Peters* v. *Little,* 95 *Ga.* 151 (22 S. E. 44). In this connection see also *Kirkland* v. *Pitman,* 122 *Ga.* 256, 259 (50 S. E. 117), and *Nugent* v. *Watkins,* 129 *Ga.* 382 (58 S. E. 888). And there is substantial reason that this summary remedy should apply to both situations. The only difference between them is in the extent of the right. Where a claimant has obtained a prescriptive right to use a way over the land of another, acquired by seven years or more use, his right to the private way becomes absolute, and the owner of the land can not obstruct the way. If, however, he has used the private way over the land for a period of a year or longer, but not sufficient to establish a perfect prescriptive right, the law protects his inchoate right by requiring the landowner to give him 30 days notice in writing, before he can close it. It is better for all parties concerned that the remedy should be speedy; for the greater the delay the greater the inconvenience, and the summary remedy for removal of obstructions should be available in each instance.

We can see no objection for the claimant of a private way to

allege, in the same petition for removal of obstructions therefrom, that he has a prescriptive right to the way, and also that he has been a user of the way for a period longer than twelve months, and that the landowner has obstructed the road without first giving him 30 days written notice of his intention so to do. Of course in such case the judgment of the ordinary should declare (as was done in this case), in the event he orders the removal of the obstruction, whether such judgment is based on the ground that the claimants of the right of way have an absolute title to it by prescription, or only a right to have the obstruction removed because the owner failed to give 30 days notice of his intention to close it. The other points made in the record were either met by amendment or were involved in and controlled by the rulings above made.

*Judgment affirmed. All the Justices concur.*