### 8371. HENDRICKS v. CARTER.

LUKE, J. 1. The charter of the City of Nashville (Ga. Laws 1910, p. 967, § 16) expressly confers upon the mayor and council of that municipality the power to keep its streets "free from obstructions for the use of the public or any of the citizens of said city." The jurisdiction thereby conferred upon the mayor and council as to the removal of such obstructions is not exclusive, but is concurrent with that conferred by the general law upon the ordinary of the county in which the street is located. Civil Code (1910), §§ 825, 4797. No procedure being prescribed by the special law, parties injured by such obstructions may, in petitioning the mayor and council for such relief, properly follow the procedure prescribed by the general law, in so far as it is applicable to the nature and organization of the municipal body.

2. Under the general laws of this State, the mayor and council of a municipal corporation (or such other similar officers as may be designated by the local law) have undoubted jurisdiction to entertain an applica-

tion to abate a nuisance caused by the obstruction of a street. Civil Code (1910), §§ 5331, 5332; *Carlisle* v. *Wilson*, 110 *Ga.* 860 (36 S. E. 54); *Robins* v. *McGehee*, 127 *Ga.* 431 (56 S. E. 461).

3. Where territory is lawfully annexed to a city, the new area becomes a part of the city for all municipal purposes, and the public highways therein become streets of the city. *City of Columbus* v. *Ogletree*, 102 *Ga.* 293 (29 S. E. 749). The power and duties of the municipality over such new area become the same as over the old; and, in a proceeding to remove an obstruction from a street, the fact that the obstruction may have existed prior to and at the time of the annexation of the new territory does not affect the principles involved. *Mayor &c. of Macon* v. *Morris*, 10 *Ga. App.* 298 (2) (73 S. E. 539).

4. Where a particular way is designated, or its location is described with reasonable certainty, it is not necessary, in a proceeding to remove an obstruction therefrom, to describe the tract of land over which such road or street passes. *Brennan* v. *Brooks*, 131 *Ga.* 94 (61 S. E. 1035); *Johnson* v. *Williams*, 138 *Ga.* 853 (76 S. E. 380). In such a case the existence of the way and of the obstruction constitutes the vital matter in controversy, and injuries that may result to adjacent lands from preserving the way are of no concern. It is otherwise in a proceeding to lay out or establish a new way, where the owners of the land over which the proposed way passes must be compensated for such injury as may be thereby done to the freehold.

5. In his application to the mayor and council the plaintiff prayed, among other things, for an order requiring the defendants "to be and appear at the next regular meeting of the mayor and council acting in and for the city of Nashville, to show cause," etc. The rule nisi issued as prayed, without specifying any time or place for the hearing, except that it should be "before the next regular meeting of the mayor and council." The defendant duly moved to dismiss the proceeding, because neither the application nor the rule nisi designated the time or place where such hearing might be had. *Held:* (a) The defendant was clearly entitled to legal notice as to the time and place of such hearing, both upon general principles and upon analogy to the Civil Code (1910), §§ 4715, 5501. *Baker* v. *Thompson*, 75 *Ga.* 164; *Williams* v. *Buchanan*, 75 *Ga.* 789. (b) The time and place of the meetings of the mayor and council of the City of Nashville may be prescribed by a municipal ordinance (Ga. Laws, 1910, p. 966, § 13), but they are not prescribed by any legislative act of this State. (c) While the mayor and council may take judicial cognizance of their own ordinances, State courts can not do so, and parties cited to appear before the municipal body are not required to do so, especially where, as in this case, the ordinance, if any, was passed for observance by the officers of the municipality rather than for the government of the inhabitants thereof. *Walker* v. *Fitzgerald*, 103 *Ga.* 423 (30 S. E. 253). (d) No offer to meet this motion by amendment having been made, the motion should have been sustained and the proceeding dismissed. *Richmond & Danville R. Co.* v. *Benson*, 86 *Ga.* 203 (2) (12 S. E. 357), 22 Am. St. R. 446). (e) The judgment of the mayor overruling such motion being

assigned as error in the petition for certiorari, the judge of the superior court erred in refusing to sanction the certiorari.

6. A prescriptive right of way, under the Civil Code (1910), § 824, can not be acquired without the constant and uninterrupted use of such way for seven years or more over the same tract, nor without keeping such right of way open and in repair during the same period. Shifting from one place to another as to any part of the route, regardless of the reason therefor, prevents prescription. *Follendore* v. *Thomas*, 93 *Ga.* 300 (20 S. E. 329); *Peters* v. *Little*, 95 *Ga.* 151 (22 S. E. 44). Failure to keep the way open and in repair during such period, even though the same route be used constantly and without interruption, will likewise prevent prescription. *Johnson* v. *Sams*, 136 *Ga.* 448 (2) (71 S. E. 891), and cases there cited.

(a) "Equity abhors forfeitures and the law does not favor them." The principles underlying a prescriptive right of way (which may be acquired without any compensation to the owner of the land used) are not, therefore, to be confounded with the principles regulating the establishment of a new or necessary way in any of those cases wherein adequate compensation to the landowner is provided by law. Civil Code (1910), § 3641.

7. In this case the burden was upon the plaintiff in the trial court to establish his alleged prescriptive right of way. The evidence introduced by him was insufficient for that purpose, while the positive testimony introduced by the defendant clearly established the contrary. The judge of the superior court, therefore, erred in refusing to sanction the certiorari, wherein the finding in favor of the plaintiff was assigned as error because contrary to law and without evidence to support it.

*Judgment reversed. Wade, C. J., and Jenkins, J., concur.*

DECIDED JANUARY 21, 1918.

Petition for certiorari; from Berrien superior court—Judge Thomas. December 22, 1916.

*Hendricks, Mills & Hendricks,* for plaintiff in error.

*W. R. Smith,* contra.