*W. D. Crawford,* for defendant.

---

## 12011. FORD *et al. v.* WATERS *et al.*

JENKINS, P. J. 1. The summary remedy by petition to the ordinary for the removal of an obstruction from a private way as provided in the Civil Code (1910), § 825, is applicable alike to prescriptive ways as described in § 824, and to private ways used for as much as one year where the landowner fails to give 30 days' notice (§ 819). An applicant for the removal of an obstruction from a private way may base his right to relief upon both code-sections; but in the event the applicant prevails and removal of the obstruction is ordered, the judgment of the ordinary should show upon which claim of the applicant it rests,—whether upon a finding that the applicant has a prescriptive right to the way, acquired by seven or more years' user, or upon a finding that the applicant had used the road for as much as one year and the landowner had closed it without giving 30 days' written notice of his intention so to do. *Johnson v. Williams,* 138 *Ga.* 853 (2 *a*) (76 S. E. 380). Thus, in order to entitle one who has used and maintained a road as a private way for as much as one year to the notice prescribed by § 819, it is not necessary that the way so used and maintained should have been actually established as a private way under the provisions of the code (§§ 807, 809 et seq.); but such a use for only that limited period is sufficient to give to the common user such an inchoate right as will entitle him to the notice mentioned before the landowner will be permitted to close the way. *Johnson v. Williams,* 138 *Ga.* 853, 855 (76 S. E. 380); *Powell v. Amoss,* 85 *Ga.* 273, 275 (11 S. E. 598); *Kirkland v. Pitman,* 122 *Ga.* 256 (1), 259 (50 S. E. 117).

2. This case, under its facts, is controlled by *Johnson v. Williams,* supra. As the earlier decisions in the cases of *Brown v. Marshall,* 63 *Ga.* 658, and others were fully considered in the *Johnson* case, and as the *Johnson* case in no wise conflicts with the later cases of *Holloway v. Birdsong,* 139 *Ga.* 316 (77 S. E. 146); *Rodgers v. Stroud,* 141 *Ga.* 559 (81 S. E. 873), and *Forrester v. McKaig,* 144 *Ga.* 702 (87 S. E. 1060), all apparently based upon petitions limited to a seven years' prescriptive claim in support of the removal proceedings, this court would not feel justified in granting the request that this case be certified to the Supreme Court for determination.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED MAY 14, 1921.

Certiorari; from Worth superior court — Judge Eve. November 5, 1920.

*T. R. Perry,* for plaintiffs in error.

*Passmore & Forehand,* contra.