25966. SEABOARD AIR-LINE RAILWAY COMPANY *et al.* v. BROWN.

Decided March 3, 1937.

*Colquitt, MacDougald, Troutman & Arkwright, J. Glenn Giles,* for plaintiff in error.

*H. B. Moss,* contra.

SUTTON, J. Mrs. Della Brown filed with the ordinary of Cobb County a petition against the Seaboard Air-Line Railway Company and its section foreman, James M. Lancaster, to have obstructions removed from a private way claimed by prescription. The petition as amended alleged that she owned a tract of land through which the defendant's railroad runs at Edna station in Cobb County; that she has a private way leading from the end of

the public road at the crossing at Edna station south over the railroad property about fifty feet to her property; that "said private way has been in the continuous use by her and her predecessors in title for more than seven years, and has been worked and kept in repair by her for more than seven years, a width of not more than fifteen feet, and at the same place and covering the same ground;" and that the private way has been obstructed by the defendants. The petition to remove the obstructions was based on Code, §§ 83-112, 83-119. The defendants answered, denying that the plaintiff had a private way as claimed across the railroad property, and alleged that the obstructions complained of were posts in the yard of a section-house on the railroad right of way to protect the yard, and no private way was there; that on April 15, 1903, the plaintiff conveyed by warranty deed to the railroad company a strip of land one hundred feet wide through her property at this place; that an additional strip of seventy-three feet was so conveyed by her to said company in October, 1904, the conveyances being without any reservation; and that there has been no private way across said strip of land since the plaintiff conveyed it to the railroad company. The ordinary rendered a judgment to remove the obstructions from the alleged private way, on the grounds (1) that it had been in use for more than seven years, and (2) that it had been used for twelve months, and that thirty days notice to close it had not been given. The defendants carried the case to the superior court by certiorari, which was overruled, and the exception is to that judgment.

The motion to dismiss the writ of error, because the obstructions complained of in the alleged private way were removed by the sheriff after the ordinary passed on the case in 1929, and the parties had been using the private way in question since that time, and the case had become moot, is without merit. It appears that the case was tried before the ordinary on November 26, 1929, and in due time was carried by writ of certiorari to the superior court. Exceptions to the answer thereto were filed and sustained, and, after the answer was amended, the case was finally passed on by the judge of the superior court on June 23, 1936. The fact that the parties may have been using the alleged private way during the pending litigation does not render the case moot. Therefore the motion to dismiss is denied.

. ■ ."Before an applicant can have obstructions removed from a private way, he must show not only that there has been an uninterrupted use for more than seven years, but that it is not more than fifteen feet wide, that he has kept it open and in repair, and that it is the same fifteen feet orginally appropriated." *Collier* v. *Farr*, 81 *Ga.* 749 (7 S. E. 860). To the same effect see *Aaron* v. *Gunnels*, 68 *Ga.* 528; *Woolbright* v. *Cureton*, 76 *Ga.* 107; *Johnson* v. *Sams*, 136 *Ga.* 448 (71 S. E. 891); *Forrester* v. *McKaig*, 144 *Ga.* 702 (87 S. E. 1060). A careful consideration of the record reveals that no evidence was introduced to show that the private way claimed across the railroad property was not more than fifteen feet wide, or that it had been kept open and in repair by the plaintiff since she deeded the strips of land to the railroad company for a right of way in 1903 and 1904. "Where a private way is claimed by prescription, the parties setting up such claim must bring themselves strictly within the requirements of the law." *Nott* v. *Tinley*, 69 *Ga.* 766.

■ "Under a proceeding to cause obstructions to be removed from a private way, based on the act of 1872 (Civil Code, §§ 678, 679), and alleging solely that the way was one established by prescription for more than seven years, the applicant is not entitled to a judgment by proof that the road has been in use as a private way for more than a year, and that the owner has closed it without giving to the common users thirty days notice in writing, in order that they might take legal steps to have it made permanent, as required by § 673 of the Political Code." *Nugent* v. *Watkins*, 129 *Ga.* 382 (3) (58 S. E. 888). The plaintiff in the case at bar predicated her petition to remove the obstructions from the alleged private way solely on the ground that her right thereto had been established by prescription for more than seven years. It was said in *Nugent* v. *Watkins*, supra, that "The petitioner can not proceed on the ground alone that she has a perfect prescriptive right of way, and, failing to establish that, obtain a judgment on the ground that there was no written notice given by the owner of his intention to close up the road. She alleged that the private way in question had been in constant and uninterrupted use for seven years or more. This was denied. She must recover on the case which she made, if at all. If she desired to rely upon the closing of the road used as a private way by the owner thereof

without written notice, she should have made proper allegations to invoke the law on that subject." The plaintiff failed to make out a case that would authorize a judgment requiring obstructions to be removed from a private way, and the ordinary erred in overruling the motion to dismiss the proceeding at the close of the evidence. Accordingly the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*