40823. STATE HIGHWAY DEPARTMENT v. HOLLEMAN.

DECIDED SEPTEMBER 11, 1964.

*Eugene Cook, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, George Culpepper, III,* for plaintiff in error.

*Ellsworth Hall, Jr., John M. Hancock, Jr.,* contra.

FELTON, Chief Judge. ■ The motion to dismiss the writ of error is denied. By amendment to the Constitution, ratified November 8, 1960, *Code Ann.* § 2-301, it was provided that just and adequate compensation for the condemnation of private

property for road purposes by the State, counties and municipalities need not be paid until the same has been finally fixed and determined as provided by law, and the General Assembly was authorized by the amendment to require the condemnor to make prepayment against adequate compensation as a condition precedent to the exercise of the right of eminent domain. This the General Assembly did by the Act of 1961, supra. In this case the condemnor complied with the requirements of said Act. There is no provision of law requiring the payment of compensation into the registry of the court which is awarded to a new party for the first time, as in this case, by a jury on appeal, as a prerequisite to an appeal to this court or the Supreme Court. If such a hiatus in the law is to be filled it is the function of the General Assembly to do so.

■ The court erred in overruling the condemnor's motion for a judgment n.o.v. The only basis for the claim of title to the alleged private way by the intervenor was that of prescription. Whether other requirements to show a right in said way were shown the evidence affirmatively shows without dispute that the location of parts of the road was changed at least two times within the seven year period shown. The changes were made by the owners of the property without objection from the intervenor. This alone is enough to defeat intervenor's claim. *Hendricks v. Carter*, 21 Ga. App. 527(6) (94 SE 807) and cit.

The judgment is reversed with direction that the court enter up judgment in accord with condemnor's motion for a judgment n.o.v.

*Judgment reversed with direction. Frankum and Pannell, JJ., concur.*