## BOYD *vs.* HAND *et al.*

A tenant in common acquires no prescriptive right by the use of a way over the common property so long as all of the tenants had an undisputed use of the premises. Where all the tenants in common in a certain lot united in a deed conveying the fee, without any reservation of a private way, one of them who had been accustomed to use a way over the land could not tack such use pending his joint ownership to his use since the sale to complete his prescriptive right. The conveyance of the fee with warranty and without any reservation of right of way, carried with it any easement he might have had.

Prescription. Private way. Easement. Estate. Before Judge LESTER. Lumpkin Superior Court. September Term, 1879.

To the report contained in the decision it is only necessary to add the following:

In the rear of Boyd's residence lot was an open tract of land, and across this he was accustomed to go as the nearest way to the road leading to a grist mill and to his farm. After passing over this land a number of years—at least seven, he testifies—he bought a sixth interest in it. This he held until 1874, when, together with the other joint tenants, he conveyed the land to Price, under whom defendants hold. No reservation of a private way was made. Both before and after this sale Boyd used a way across the land. Adding all the time of such use together, it would amount to much more than seven years; but after the sale to Price, it was only about four years and a half until the way was obstructed.

M. L. SMITH; WIER BOYD, for plaintiff in error.

PRICE & BAKER, for defendants.

JACKSON, Chief Justice.

The plaintiff in error sued the defendants for obstructing his private way. The proceeding was before the ordinary under our Code, sections 737 and 738, who directed that the obstructions be removed. Thereupon the defendants took the case by *certiorari* to the superior court, where the judgment of the ordinary was reversed, and the plaintiff brought the judgment of that court here for review.

That the way claimed by the plaintiff was obstructed there is no doubt, and the single question is, did the plaintiff, under the facts set out in the answer to the *certiorari*, have any right of way over the defendants' land?

The plaintiff is the owner of a house and lot in Dahlonega.  In the rear of it is another town lot, which is a part of land lot No. 951.  To that land lot the plaintiff held title as tenant in common with others—his share being one-sixth thereof.  The lot was sold by all these joint owners in one deed to Price, with warranty, with certain reservations in that deed, but with no reservation in respect to this town lot or any part thereof or any way thereon.  Price conveyed the lot No. 951 to Hand, one of the defendants, with the same descriptions and reservations—the deed to him being referred to—and the other defendant acted under Hand in fencing in the town lot, and thereby obstructing the way.  The plaintiff has a way out from his lot to the mill and his farm on two or three other sides, but the way over this lot in his rear is more convenient and nearer.  He had gone over this lot since 1867, having then put up a gate out of his lot and in rear of his house, to get to his farm and the mill, but since his conveyance to Price he had not made use of the way out of his house and lot for the term of seven years—his deed to Price being made in 1874.

One legal question, therefore, is, can his use of the way, while he held title to the land in fee as tenant in common, be tacked to his use of it since his conveyance to Price, so as to make out seven years' constant and uninterrupted use of it under section 737 of the Code?

Blackstone defines a way to be " the right of going over *another man's* ground."    2 Chitty's Black., 35.    The plaintiff in error needed no grant of the right of way over his own ground.    He could go where he pleased on it, and use as many ways on it as he chose.    Nobody held the land adversely to him, and therefore his user of it as a way could not ripen into a prescriptive title, and he has no grant of a right of way from those to whom he sold, nor did he reserve any when he conveyed.    It makes no difference that he had a fee in No. 951 in common with others, and conveyed title with them.    His right was to

use all it, just as theirs was to use all of it, until there was a partition. There was no adverse possession of any one of them against another, until some tenant fenced in a part to keep the others out; but no open way could be such exclusive possession, for all could pass over it. Besides, when Boyd conveyed the land with warranty without express reservation, he parted with this easement. Even in case where one sells land adjoining his home and does not expressly reserve the light for his windows, the grantee may build and shut out the light. 2 Wait's Actions and Defenses, 663.

In this case there was no sort of reservation, and the case is stronger in that other portions of land lot No. 951 were reserved, while this lot is not, and nothing appurtenant to it, and no easement of any sort on it.

In addition to this, it may be added that it nowhere appears in this record that any particular way over the lot was specially used by Boyd, but the entire lot being open, he used what part he pleased. A right of way over such open lot, cannot be acquired without more particularity in defining it than appears in this record. On the whole, the judgment is affirmed.

Judgment affirmed.