### GREEN *vs.* REEVES.

1. Where the party over whose lands a private way was sought was present at the hearing before the ordinary, and made no objection to the appointment of commissioners, he is estopped from setting up that he was not served with notice of time and place of hearing, and from complaining of the appointment of commissioners.

(a) All that the statute (code, §723,) requires is, that the ordinary shal be satisfied that applicant is entitled to the road; if objections were properly filed, perhaps it would be necessary for him to hear evidence; but if none are filed, and the person over whose lands the way is sought be present, not objecting, he may take it for granted that the applicant is entitled.

2. While it is true that the applicant must pay the damages, which the owner may have legally assessed before she opens the road, such payment is not a prerequisite to the appointment of commissioners and laying out the road.

June 1, 1888.

Private ways. Estoppel. Procedure. Damages. Before Judge JOHN T. CLARKE. Quitman superior court. September adjourned term, 1887.

Reported in the decision.

J. H. GUERRY and HOOD & MOYE, for plaintiff in error.

WM. HARRISON, J. W. LEE, G. L. COINER and W. D. KIDDOO, *contra.*

SIMMONS, Justice.

1. The error complained of in this case was the judgment of the court below dismissing the writ of *certiorari.* Under the facts as disclosed by this record, we think the judgment of the court was right. While it is true that the notice served on Green does not specify any time or place for the hearing of the case, it appears that he was present at the time and place of hearing and made no objection to the court's proceeding for that reason. Indeed it appears that, instead of objecting, he participated in the selection of the commissioners who were appointed to·lay out 'the road. While the petition of the plaintiff does not state in so many words that the road is a necessity, it states facts sufficient to authorize the ordinary· to conclude that the road was a necessity to the plaintiff. All that the statute requires is, that the ordinary shall be satisfied that the applicant is entitled to the road. How he is to be satisfied does not appear from the code. Code, §723. If the road is objected to and the objections are properly filed, perhaps it would be necessary for him to hear the evidence of the parties. If no. objections are filed, and if the person over whose lands the road is to be laid out is present and does not object, the ordinary may take it for granted that the applicant is entitled to the road, and pass the order appointing the commissioners. As said before, no objections were filed by Green to the laying out of this road, and he appears to have been present assisting in the appointment of the commissioners. Under this state of facts, we think he is estopped from complaining of the action of the ordinary in passing the order appointing the commissioners; and the court did right in dismissing the *certiorari.*

2. It is insisted, however, by counsel for the plaintiff in error, that the road cannot be laid out, and that the commissioners cannot be appointed until the damages sustained by Green are first paid. We do not agree with this

view of the case, nor do we think that the time has arrived in this case when he can make the question of compensation. Code, §724, prescribes that "if the person over whose land the passway is, conceives that he will be damaged thereby, he may proceed to have the damages assessed in the same manner that damages are assessed in case of public roads," etc. Section 725 prescribes that, "after the damages are thus assessed, the person who has them to pay may decline to open the same, . . . and in all cases the damages must be paid before the way is opened." We therefore think that, when the appeal which is now pending in the court below is disposed of and the road is laid out, if Green conceives that he is damaged thereby, he may have his damages assessed; and Mrs. Reeves may pay the same or not, or may decline the road. But she must pay the damages before she opens the road.

Judgment affirmed.