## FRALEY v. NABORS *et al.*

Proof that a private way which has been in use for more than one year has been obstructed without giving the 30 days' notice required by the Civil Code, § 673, will not authorize the ordinary to direct the removal of such obstructions upon an application for such removal, based solely on a prescriptive right to the use of such private way.

Submitted June 19,—Decided October 13, 1908.

Certiorari. Before Judge Fite. Dade superior court. November 26, 1907.

B. T. Brock and J. P. Jacoway, for plaintiff in error.

W. U. Jacoway, contra.

HOLDEN, J. The defendants in error made application to the ordinary of Dade county to have certain obstructions removed from an alleged private way, which they alleged had been in their constant and uninterrupted use for seven years. Upon the trial of the case the ordinary passed an order requiring the plaintiff in error to remove the obstructions. . To this judgment Fraley sued out a writ of certiorari, upon the hearing of which the judge of the superior court rendered the following judgment: "It is ordered that the within certiorari be and the same is hereby overruled and a new trial refused, it not appearing that the notice required [by] section 673 of Code, vol. 1, was given; but the merits of the case are not passed upon, and the said Fraley has the right to give the said notice and proceed as the law directs." To this judgment the plaintiff in error filed his exceptions.

The only ground upon which the plaintiffs in the court below, in their application to the ordinary to have the obstructions removed from the alleged private way, based their claim of right to use the way in question and to have the obstructions removed therefrom was that such way had been in their constant and uninterrupted use for seven years; that it was not over 15 feet wide, and no legal steps had been taken to abolish the same. Under the allegations in the application made to the ordinary, the defendants in error were seeking to have the obstructions removed under the provisions of sections 678 and 679 of the Code, and no effort was made to have such obstructions removed because Fraley failed to comply with the Civil Code, § 673, which provides that when a private way has been in use for as much as one year the owner of the land over which it passes can not close it up without first giving the users of the way 30 days' notice in writing of his intention to obstruct it. Whether or not the ordinary has any power to direct the removal of obstructions from a private way in any case not falling within the provisions of the Civil Code, § 679, which gives him such authority "if it should appear that said private way has been in continuous, uninterrupted use for seven years or more, and no steps have been taken to prevent the enjoy-

ment of the same," is a question not here involved, and therefore not decided; but we are clear in the opinion that he has no such authority merely because of failure to give the notice required by section 673, when acting on an application to have obstructions removed based solely on the prescriptive right set forth in sections 678 and 679.

The court, in passing upon the case made by the answer of the ordinary to the writ of certiorari, refused a new trial solely because of the failure to give the notice above referred to, and did not pass upon any other question in the case. It was error to refuse a new trial because Fraley did not give the notice of his intention to obstruct the way, for the reason that his failure to give such notice could not have affected any right which he had upon the trial of a case wherein the application to have the obstructions removed made no complaint of such failure. In this connection see *Nugent* v. *Watkins,* 129 *Ga.* 382, and cases there cited. The court below should pass upon the case made by the certiorari proceedings without reference to the failure of Fraley to give notice of his intention to close up the private way.

*Judgment reversed. All the Justices concur.*