## GRIZZARD *v.* BROOM, and *vice versa.*

</div>

Under the pleadings and evidence in this case the court properly refused
to render a final judgment upon the hearing of the petition for cer-
tiorari, and properly remanded the case with appropriate directions.

<div align="center">

MAY 11, 1911.

</div>

Certiorari.   Before Judge Ellis.   Fulton superior court.   Jan-
uary 29, 1910.

*J. F. Golightly* and *John B. Suttles,* for plaintiff.

*A. C. Broom,* for defendant.

BECK, J.   S. S. Grizzard filed his petition to the ordinary of
Fulton county, against W. P. Broom, alleging, that the petitioner
was the owner of a house and lot in said county, that there was a
private way leading from his house to a certain road known as the
chert road from Atlanta to College Park; and that the defendant
had obstructed the alleged private way by erecting a wire fence
across it, so that petitioner and those who had been in the habit
of traveling over the way could not pass over it; that defendant had
given no notice of his intention to close the road; that petitioner
and those under whom he claims have used the road for about
thirty years, "and the same is a private way which can not be ob-
structed without legal steps."   Thereupon the ordinary issued a
rule nisi in terms of the statute.   Broom demurred on the ground
that the petition set forth no cause of action, and specially on the
ground that the petition did not locate the petitioner's house and
lot with reference to the alleged private way, and did not show
with sufficient particularity the location of the private way, the
width of the same, when and at what times it had been repaired,
who had been in the habit of traveling over it, who originally laid
it out and when it was laid out, and whether or not the present
alleged private way was the same as had been originally laid out;
and upon other grounds calling for greater particularity in the
allegations of the petition.   The plaintiff amended his petition, and

alleged "that the said right of way has been worked by petitioner and kept in repair since he owned the place to and for 14 months last past, that the persons under whom he claims, to wit, Mary A. Baugh and Edward Baugh and the East Point Land Co., all kept it in repair and when it needed work they worked the same."

Upon the trial, there being evidence to show that the defendant had obstructed the way referred to in the petition, the ordinary rendered a judgment requiring the defendant to remove the obstructions. Upon the hearing of a petition for certiorari and answer the judge of the superior court ordered that the certiorari be sustained and the case be remanded for a new trial or hearing, holding that the demurrer ought to be sustained, with leave to amend; that under the pleadings the two remedies sought were set forth in such contradictory and confused manner as not to put the defendant on proper notice of what he had to defend. The plaintiff excepted, and the defendant took a cross-bill of exceptions.

In the direct bill of exceptions error is assigned upon the order of the judge sustaining the certiorari, on the ground that the court erred in adjudging that the certiorari be sustained and that upon the new hearing in the court of ordinary the demurrer be sustained with leave to amend; and upon the further ground that the court erred in holding that the remedies sought under the petition to the ordinary are set forth in a contradictory and confused manner. In the cross-bill error is assigned upon the ground that the court should have sustained the certiorari and entered up a final judgment in favor of the defendant, without remanding the case for another hearing or direction that the plaintiff be allowed to amend his petition before the ordinary.

We are of the opinion that the court below, upon the hearing of the petition for certiorari, passed the proper order. Under the evidence in the case before the ordinary, the complaining party failed entirely to show that he had acquired a right of way by prescription over the lands of the party complained against. While there was evidence to authorize the finding by the ordinary that the road referred to had been continuously used for more than seven years, it clearly appears from the evidence that the use had been by those who were the owners of the land over which it passed. The house and lot of the complainant Grizzard and the lands of the defendant had been the property of the East Point

Land Co. until the year 1904, when the defendant purchased the land from that company. The complainant purchased his house and lot in the year 1907. The Land Company, the immediate predecessor in title, had purchased the tract of land embracing both the lots of the complainant and defendant from Mary and Edward Baugh, who appeared to have been the owners of the entire property at the time when the way in controversy was first used. Certainly prior to the date of Broom's purchase from the Land Company, when the two tracts of land belonging respectively to Grizzard and to Broom became the property of different owners, no prescriptive right of way could have been acquired over the tract of land now owned by Broom. Neither Baugh nor the Land Company, who owned the land over which the way passed, could acquire a way by prescription over their own land.

"It is axiomatic that one can not have an easement upon his own property, for the lesser estate, represented by the easement, will be merged into the fee, upon which it is subservient. 10 Am. & Eng. Enc. L. (2d ed.) 433." *Railway Co.* v. *Fleming,* 118 *Ga.* 699 (45 S. E. 664). From the time when the use of the way by one who was not the owner of the land over which the way passed commenced, sufficient time had not elapsed for the establishment of a prescriptive right of way; and so far as relates to the contention of the complainant that he had a prescriptive right of way as against the defendant over the latter's land, there was an entire failure to support by evidence the allegation in the petition embodying this contention.

But it is alleged in the petition that the road had been used for over one year and that it had been closed up without giving the notice required by law. While it has been held that "Proof that a private way which has been in use for more than one year has been obstructed without giving the 30 days' notice required by the Civil Code, § 673 [§ 819 Civil Code 1910], will not authorize the ordinary to direct the removal of such obstructions upon an application for such removal, based solely on a prescriptive right to the use of such private way" (*Fraley* v. *Nabors,* 131 *Ga.* 457 (62 S. E. 527)), the petition in the present case, as we have seen, contains allegations pertinent to an application for the removal of obstructions from a way that has been used for one year. The defendant in the case before the ordinary was entitled, upon demurrer, to have

the complaining party to show distinctly by proper averments whether his application was based on the provisions of § 819 of the Code of 1910, relating to the rights of the user of a way for as much as one year, or upon § 824, which relates to a prescriptive right of way. And this result could be accomplished under the order and judgment passed by the judge of the superior court upon the hearing of the petition for certiorari, upon which error is assigned in both the direct bill of exceptions and the cross-bill. Under that order the complaining party is compelled to state distinctly which cause of action he relies upon, and to eliminate the allegations which tend to confuse it with some other cause of action. Such is the meaning of the order passed by the judge of the superior court, and as such it should be given effect.

*Judgment affirmed on both bills. All the Justices concur.*