17046. BARNES *v.* HOLCOMB.

Under the provisions of the Civil Code (1910), § 819, where a road has been used as a private way for as long as a year, the owner of the land over which it passes can not close it up, without first giving to common users 30 days notice in writing, in order that they may take steps to have it made permanent. Where the owner of the land obstructs or closes the road without giving such statutory notice, and one who has theretofore been a user of it applies to the ordinary for an order requiring the removal of the obstructions and preventing the closing of

the road merely until the applicant has been given the 30 days written notice, as required by law, the application will be sufficient to show the jurisdiction of the ordinary and will be good as against a general demurrer, if it describes the road with reasonable certainty, and, following the provisions above referred to, alleges that the road has been used by the applicant as a private way for as much as a year, and that the owner of the land over which it passes has obstructed or closed it without giving the applicant 30 days notice in writing. The petition filed with the ordinary in this case was not subject to the demurrer interposed thereto. It was error to dismiss it, and the superior court properly sustained the certiorari.

DECIDED SEPTEMBER 17, 1926.

Certiorari; from Cobb superior court—Judge Blair. November 23, 1925.

*Morris, Hawkins & Wallace,* for plaintiff in error.

*Anderson & Roberts,* contra.

BELL, J. M. L. Holcomb filed a petition with the ordinary of Cobb county against Mrs. E. K. Barnes, seeking the removal of obstructions from a road passing over land belonging to the defendant. The petition described the location of the road and alleged that it was not over 15 feet in width. The petition also set forth that the road had been used as a private way by the plaintiff or applicant and others for more than a year next preceding the act of the defendant closing it, and that the defendant had closed it without first giving the plaintiff 30-days notice in writing. The defendant demurred to the petition, upon the ground that it failed to show "that the private way claimed to have been obstructed by the defendant is such a private way that the ordinary . . has jurisdiction over in a proceeding of this character," and should be dismissed. At the hearing of the demurrer and after the ordinary had announced his intention to sustain it, the plaintiff offered an amendment, alleging that the plaintiff "has kept said private way open and in repair for more than 12 months before the closing thereof, and has used and traveled the ·same route continually." The ordinary refused to allow the amendment, and rendered judgment sustaining the demurrer. The plaintiff carried the case by certiorari to the superior court, where the certiorari was "sustained upon the ground that the ordinary erred in sustaining the demurrer to the petition." · The defendant in certiorari excepted.

It appears that no ruling was made in the superior court as to

whether the ordinary erred in refusing the amendment, the judgment on the certiorari going no further than to adjudicate that the petition was good without the amendment, and that the ordinary erred in sustaining the demurrer thereto, irrespective of whether the amendment should have been allowed. In such state of the record, there being no cross-bill of exceptions by the plaintiff in certiorari, it would seem that this court can review the case only for the purpose of deciding whether the original petition was subject to the demurrer, without determining that there was or was not error in refusing the amendment. Whether the scope of the inquiry, under the rules of procedure, should be necessarily so limited, the correctness of the order refusing the amendment need not be decided, in the view which we take of the other questions involved. Was the petition, as originally drawn, subject to the demurrer interposed? Counsel for the plaintiff in error advance the argument, "that where an applicant bases his right to this summary remedy provided for in § 825 upon § 819, it is incumbent upon him to show the same essential facts as would be required had he based his right upon the seven years prescriptive use described in § 824;" in other words, "that it makes no difference upon which of these code sections, either 819 or 824, the applicant bases his right to the summary remedy provided for in § 825, it is essential that he show *all* of the things which the law requires to constitute a private way, namely: that he, the applicant, has been in the uninterrupted use thereof for the period prescribed by the statute (seven years in the case of § 824, and more than one year in the case of § 819, and the closing without notice), that it does not exceed 15 feet in width, and that it is the same 15 feet originally appropriated, and that he, the applicant, had kept it open and in repair during such period." The specific contention is, that the petition is fatally defective because it fails to allege "that this 15 feet is the same 15 feet originally appropriated," and "that the applicant himself kept the road open and in repair during the time he claims to have used it." While we are unable to concur in the position so taken, the question made is not free from difficulty, and we have reached our conclusion only after painstaking thought and investigation.

Under the provisions of the Civil Code, § 819, where a road has been used as a private way as long as one year, the owner of the

land over which it passes can not close it up without first giving the common users thereof 30-days notice in writing, in order that they may take steps to have it made permanent. Where the owner of the land obstructs or closes such road, without giving such statutory notice, and one who has theretofore been a user of it applies to the ordinary for an order requiring the removal of the obstructions and preventing the closing of the road merely until the applicant has been given the 30-days written notice, as required by the law, the application will be sufficient to show the jurisdiction of the ordinary and good as against a general demurrer, where it describes the road with reasonable certainty, and, following the provisions above referred to, alleges that the road has been used by the applicant as a private way for as much as a year, and that the owner of the land over which it passes has obstructed or closed it without first giving the 30-days notice in writing. In such a case it is not necessary to make the allegations required in an application for the removal of obstructions from a private way claimed by prescription under the provisions of § 824 of the Civil Code. The right which a party may claim under § 819 being restricted and temporary (*Nugent* v. *Watkins,* 129 *Ga.* 382 (3) (58 S. E. 888) ; *Johnson* v. *Williams,* 138 *Ga.* 853 (2) (76 S. E. 380)), it seems but logical that he need not show so much to sustain it as where he bases his claim on the other section and seeks an adjudication that he is entitled to have the road kept open and unobstructed permanently and absolutely. Certain things are required to constitute a prescriptive private way under sections 808 and 824 (see, in this connection, *Collier* v. *Farr,* 81 *Ga.* 749 (7 S. E. 860)) which may not necessarily exist in the mere use of the road as a private way within the contemplation of § 819. This section, properly construed, means that notwithstanding a road may not be a private way within the meaning of the law, yet if persons have used it—traveled it—for as long as a year as though it were such in fact, the owner can not obstruct or close it without first giving the prescribed notice. It is not the purpose of this section to enable the user of the road to hold the owner at bay until the road may become a private way by prescription, but its clear intent is that if the owner sits by and for a year or more permits another to travel a road over his land as though it were a private way, such conduct on his part speaks of

a necessity for the way to the extent that the law will preserve the status for 30 days in order that the parties using the road may take steps to have it made permanent by condemnation. *Neal* v. *Neal,* 122 *Ga.* 804 (50 S. E. 379). The use of a road over the land of another for as long as a year in such manner as to entitle the user to the notice of the owner's intention to close it, as prescribed in § 819, *might* be of such character as to establish a prescriptive right to the way, if constant and uninterrupted for a period of seven years or more; but we do not think that the use in the former case *must necessarily* be of such character. Otherwise it might well be contended that the facts essential to prescription should be shown to have existed for as long as a year in order to establish the right recognized in that section. There may be some intimations apparently militating against this view, both in *Kirkland* v. *Pitman,* 122 *Ga.* 256 (50 S. E. 117), and in *Johnson* v. *Williams,* 138 *Ga.* 853 (2) (76 S. E. 380); but the question now before us was not presented in either of those cases, and they are not authority for the proposition that the use for as much as a year, within the purview of § 819, must be attended by such other acts and circumstances as would be necessary to the assertion of a prescriptive right after seven years.

The question seems to be controlled by the earlier decision of the Supreme Court in *Powell* v. *Amoss,* 85 *Ga.* 273 (11 S. E. 598). In that case the applicant based her right to have the obstruction removed not only upon prescription and upon an alleged purchase, but also upon the ground that under the facts the defendant could not lawfully close the road without giving the plaintiff the statutory notice. In that case the court, speaking through Mr. Chief Justice Bleckley, said: "We see in the record no trace whatever of title by purchase, to the private way in dispute, and no very distinct indication of title by prescription. If the case rested on these elements alone, we should be disposed to think that the ordinary's decision was correct, and that the superior court erred in overruling that decision. But the Code, § 732, declares that, 'When a road has been used as a private way for as much as one year, an owner of land over which it passes can not close it up without first giving the common users of the way 30 days' notice in writing, that they may take steps to have it made permanent.' The evidence is clear that this private way was used by the petitioner,

Mrs. Amoss, for a long period—much more than one year before it was obstructed by Mr. Powell. There is no hint that he gave her any notice of his intention to close or obstruct the way before placing the obstruction complained of. If the notice required by the statute ought to have been given, the duty of giving it was upon him, and the burden, also, of proving that it was given. Under these circumstances, we can not hold that the superior court erred in sustaining the certiorari and remanding the controversy to the ordinary for a new hearing." In the statement of the facts accompanying the decision there appears to have been no proof that the applicant had kept the road in repair, and the conclusion which the court reached seems to have been based solely upon the fact that the way had been used by the plaintiff for more than a year before it was obstructed and that the defendant had given no notice of his intention to close it. The court "predicated its decision upon the proposition that under the evidence it was clear that the private way under dispute had been used by Mrs. Amoss for more than a year before it was obstructed by Powell, and therefore he had no right to close it without giving her due notice of his intention to do so." *Gardner* v. *Swann,* 114 *Ga.* 304 (40 S. E. 271). See also *Everedge* v. *Alexander,* 75 *Ga.* 858 (3); *Green* v. *Reeves,* 80 *Ga.* 805 (6 S. E. 865); *Ford* v. *Walers,* 27 *Ga. App.* 83 (107 S. E. 351); *Grizzard* v. *Broom,* 136 *Ga.* 297 (71 S. E. 430).

In *Collier* v. *Farr,* supra, the Supreme Court held: "Before an applicant can have obstructions removed from a private way, he must show not only that there has been an uninterrupted use for more than seven years, but that it is not more than 15 feet wide, that he has kept it open and in repair, and that it is the same 15 feet originally appropriated." There are numerous cases by the courts of this State to the same effect; but in each of them the action was founded upon an alleged right by prescription, accruing from the constant and uninterrupted use of the way for seven years or more. No case has been cited in which it has been held necessary to make proof of such facts, where the right to removal of the obstructions is claimed by virtue of the provisions of § 819 of the Civil Code. To go further into the matter, examination discloses that none of the codes prior to the act of 1872 (Ga. L. 1872, p. 60) made any reference to the acquisition of private ways

by prescription, except in the provisions now contained in § 3641 of the Civil Code of 1910. The law as now embodied in § 824 was codified from that act (*Nugent* v. *Watkins,* 129 *Ga.* 382 (3) (58 S. E. 888); *Johnson* v. *Williams,* 138 *Ga.* 853 (2) (76 S. E. 380)), and hence has been carried only in the subsequent codes. On the other hand, the provisions of the present § 819 were also in the earlier codes, and, what is more, the article in which they appeared in each of such earlier codes was devoted exclusively to the acquisition of private ways by express grant and by condemnation. Compare *Watkins* v. *Country Club,* 120 *Ga.* 45 (47 S. E. 538); *Nugent* v. *Watkins,* 124 *Ga.* 150 (52 S. E. 158). It is thus seen that the right defined in § 819 was not dependent upon such use as could ultimately have resulted in prescription. What we have just said as to the history of § 819 applies equally to the history of § 808, in which it is provided that private ways "must not exceed 15 feet in width and must be kept open and in repair by the persons on whose application they are established." With reference to these provisions, we think that, aside from the matter of prescription (*Short* v. *Walton,* 61 *Ga.* 29), they can have no other application than to limit the width of a way which may be granted by the proper tribunal or of one which may, by the prescribed "agreement of all parties concerned," have "the same effect as though established by the forms of law" (Civil Code (1910), § 813), and to exempt the owner of land from responsibility for keeping the way open and in repair after it is once established. In our opinion these provisions never were definitive of the use contemplated by § 819. *Green* v. *Reeves,* 80 *Ga.* 805 (6 S. E. 865).

Although the right claimed by the applicant in this case and the right which may be claimed under sections 808 and 824, when once they have accrued, differ in extent only (see *Johnson* v. *Williams,* supra), it being permissible to enforce either by the procedure outlined in § 825, yet, as we have endeavored to show, it does not necessarily follow that the two rights must rest upon facts which are of the same character except as to duration.

We conclude that the petition, as against the demurrer filed, sufficiently complied with the requirements of sections 819 and 825. The jurisdiction of the ordinary was shown, and it was not necessary to allege in specific terms that the road had occupied

the same space, nor to aver at all that it had been kept open and in repair by the applicant.　If it was necessary to show use of the *identical space,* it was so only because of the terms of § 819, which would seem to contemplate not mere variant passage over the land, but continuous passage by a *particular road* for as much as a year.　In any view as to the necessity of alleging the identity of the space used, the petition in this respect, having followed the language of the law, was sufficient as against an objection in the nature of a general demurrer.　What we hold is that the petition made a prima facie case, within the jurisdiction of the ordinary, for the removal of the obstructions, and that the ordinary erred in sustaining the demurrer interposed thereto.　It follows that the superior court did not err in sustaining the certiorari.

Consistently with what has been said, it would seem that the petition need not have alleged that the road was not more than 15 feet in width.　But the allegation having been made, it is un-necessary to decide whether the absence of it would have rendered the petition defective.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*