*Lamar C. Rucker,* contra.

18653. BARNETT *v.* DAVIS *et al.*

DECIDED AUGUST 29, 1928.

*W. J. Nunnally,* for plaintiff in error. *John C. Davis,* contra.

JENKINS, P. J. This was a petition brought under section 825 of the Civil Code (1910), to remove an obstruction from a private way. It appears that a private road, not over fifteen feet in width, had been uninterruptedly used, kept up, and maintained along the same road-bed, diagonally across the lot involved, for more than

seven years, except that where the private road had turned out, in either direction, into the public road, it was considerably more than fifteen feet wide for a short distance, and that about two years previously to the filing of the petition the then owner of the premises had fenced in his lot, thus excluding the public from the use of the private road as a way for vehicles, but had provided for pedestrians to use the same, by erecting steps at either entrance, between posts, to enable pedestrians to cross the fence. It further appeared, however, without dispute, that on one side of the lot the steps thus erected were about thirty feet from the outlet of the old private road, and that a detour from the former private way led to the steps leading out into the public road. It appeared that prior to the filing of the petition wires had been stretched across the steps, blocking the passageway into the private road for pedestrians. The ordinary found in favor of the petitioners and ordered the obstructions removed, and the judge of the superior court overruled a certiorari taken to this action.

"Before an applicant can have obstructions removed from a private way, he must show not only that there has been an uninterrupted use for more than seven years, but that it is not more than fifteen feet wide, and that he has kept it open and in repair, and that it is the same fifteen feet originally appropriated." *Collier* v. *Farr*, 81 *Ga.* 749 (7 S. E. 860) ; *Forrester* v. *McKaig*, 144 *Ga.* 702 (87 S. E. 1060). It has been held, however, that where the general width of a private way does not exceed fifteen feet, the mere existence of a few wider places will not defeat the right of the users. Accordingly, the increased width of the private road as it formerly turned out in either direction into a public road can not be said, as a matter of law, to have caused a forfeiture of the petitioner's rights. It appearing, however, that for the two years preceding the filing of the petition to remove obstructions there had been a change in the road-bed of the prescriptive road, and that the road as it existed at the time the petition was filed was not the same fifteen feet originally appropriated, and that the private way as it then existed had been maintained only for a period of about two years, the court erred in sustaining the application, and in ordering the obstructions removed. The provisions of section 819 of the Civil Code (1910), relating to closing private ways in existence for as much as one year without first giving the users thereof notice in writing,

in order that they might take steps to have it made permanent, not having been invoked in the instant proceeding, any rights which petitioners might have under the last-mentioned code section are not involved. *Fraley* v. *Nabors,* 131 *Ga.* 457 (62 S. E. 527). Compare *Barnes* v. *Holcomb,* 35 *Ga. App.* 713 (134 S. E. 628).

*Judgment reversed. Stephens and Bell, JJ., concur.*