44126. JORDAN v. RIDGDILL et al.

SUBMITTED JANUARY 8, 1969—DECIDED JULY 10, 1969.

*Joseph B. Bergen,* for appellant.

*John R. Calhoun,* for appellees.

BELL, Presiding Judge. The applicant contends that he acquired a road easement running along his south property line because defendants induced him to purchase the property by representing that it was bounded by à twenty-foot street. This claim has no merit. Those preliminary negotiations were merged into the subsequent deed, and the rights of the parties upon the conveyance must be determined with reference to the description contained in the deed. See *Taylor v. Board of Trustees,* 185 Ga. 61 (1) (194 SE 169). The deed, which described the property by courses and distances, made no reference to Ridgdill Street or to any plat showing the street and contained no express grant of a road easement. Its unambiguous terms cannot be varied by parol. *Code* § 38-501.

Likewise there is no merit in plaintiff's contention that he acquired a right of way in Ridgdill Street because defendants later conveyed a parcel to the Joneses with reference to the subdivision plat. In this connection see *Tietjen v. Meldrim,* 169 Ga. 678, 698 (151 SE 349). That conveyance created rights in the Joneses but obviously not in plaintiff, who purchased prior to the subdivision.

Plaintiff based his petition partly on *Code* § 83-114, which declares that "When a road has been used as a private way for as much as one year, an owner of land over which it passes may not close it up without first giving the common users of the way 30 days' notice in writing, that they may take steps to have it made permanent."

The summary remedy by petition to the ordinary for the removal of an obstruction from a private way is applicable alike to prescriptive ways and to private ways used for as much as one year where the landowner fails to give 30 days' notice. *Ford v. Waters,* 27 Ga. App. 83 (1) (107 SE 351). In order to give one who has used the road for a year the right to the prescribed notice, it is not necessary that the way should have been actually established as a private way according to the pro-

visions of *Code Ch.* 83-1. Id. Also, the right defined in *Code* § 83-114 does not require such use as could ultimately result in prescription. *Barnes v. Holcomb,* 35 Ga. App. 713, 719 (134 SE 628). However, we think the use required by *Code* § 83-114 must resemble a prescriptive use in at least one respect: The way claimed must not vary from the location originally appropriated. See for example, *Follendore v. Thomas,* 93 Ga. 300 (20 SE 329); *Maddox v. Willis,* 205 Ga. 596 (1) (54 SE2d 632).

Plaintiff sought to remove an obstruction from Ridgdill Street, a private way lying entirely outside his own property. However, the way actually used for more than a year was not the same as Ridgdill Street but overlapped plaintiff's property line. The evidence was clear that the way was relocated as a result of plaintiff's demands and that he had not used the way as relocated, for as much as one year with direct access from his own property.

The statutory proceeding for the summary removal of obstructions placed by a landowner in a private way used by others contemplates merely the removal of obstructions from existing private ways and has no reference to taking the property of the landowner. *Porter v. Foster,* 146 Ga. 154 (2) (90 SE 967). A judgment for plaintiff directing the removal of an obstruction from the new or relocated way would amount to condemnation, however temporary, of defendants' property. This is not allowed under *Code* § 83-119.

The denial of plaintiff's motion for summary judgment was not error.

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*