## A05A0373. TEW v. HINKLE.
### (614 SE2d 160)

ADAMS, Judge.

Patsy S. Tew filed this action against Theresa Lynn Hinkle seeking a temporary restraining order and permanent injunctive relief preventing Hinkle from obstructing and interfering with Tew's ingress and egress to her property via an easement that she contended ran across Hinkle's land. A temporary restraining order was granted preventing Hinkle from obstructing Tew's access. Following a hearing, the trial court dissolved the temporary restraining order and dismissed the complaint for injunctive relief. Tew appeals.

The following facts are relevant to this appeal: Tew's family owned land that was subdivided into tracts. Following the death of Tew's father, Tew's mother deeded her Tract 1, and in that same warranty deed, conveyed her an easement across Tract 5 for purposes of ingress and egress to Tract 1. About three years later, in December 1995, Tew's mother deeded Tew and her siblings Tract 5. Approximately five years later, they sold Tract 5 to Hinkle. The purchase agreement did not reference the easement, and the warranty deed conveying the property to Hinkle did not reserve any interest in the property.

Hinkle testified that she had owned the property for about six months when one of Tew's sons told her that they had an easement across the property along an existing driveway, although Hinkle also testified that the sons had come across her property to do work on Tract 1 prior to that time. After Hinkle was told about the easement, she hired Tew's sons to grade and sow grass on the portion of the driveway where the easement is claimed to have existed. Tew subsequently filed her complaint for injunctive relief.

1. In dismissing Tew's complaint for injunction, the trial court found that when Tew acquired Tract 5, her easement merged with her title to Tract 5 and the easement ceased to exist. We agree.

> "Where there is a union of an absolute title to and possession of the dominant and servient estates in the same person, it operates to extinguish any such easement absolutely and forever, for the single reason that no man can have an easement in his own land." [Cits.] *Muscogee Mfg. Co. v. Eagle & Phenix Mills*, 126 Ga. 210, 218-219 (54 SE 1028) (1906).

*Elrod v. Elrod*, 272 Ga. 188, 190 (2) (526 SE2d 339) (2000). *Grizzard v. Broom*, 136 Ga. 297, 299 (71 SE 430) (1911) ("It is axiomatic that one can not have an easement upon his own property, for the lesser estate, represented by the easement, will be merged into the fee, upon which it is subservient.") (citations omitted).

Contrary to Tew's argument on appeal, it makes no difference that her ownership of Tract 5 was as a tenant in common with others. This issue was decided adversely to Tew by our Supreme Court in 1880. *Boyd v. Hand*, 65 Ga. 468, 470 (1880). In that case, the plaintiff owned a frontage lot that he used to get to his property behind the lot as a one-sixth tenant with others. He and the other owners subsequently conveyed the frontage lot with warranty and without express reservation of the easement. The Supreme Court held that he "parted with [his] easement" when he conveyed the property with warranty and without an express reservation. Id. at 471. The Court reasoned

> The plaintiff . . . needed no grant of the right of way over his own ground. He could go where he pleased on it, and use as many ways on it as he chose. Nobody held the land adversely to him, and therefore his use of it as a way could not ripen into a prescriptive title, and he has no grant of a right of way from those to whom he sold, nor did he reserve any when he conveyed. *It makes no difference that he had a fee in [Tract 5] in common with others*, and conveyed title with them.

(Emphasis supplied.) Id. at 470.

Tew also argues that Hinkle had actual and constructive knowledge of the easement when she purchased the property.

We agree with Hinkle that she could not have constructive knowledge of an easement that had ceased to exist when Tew became a fee simple owner of the property through which the easement ran. Thus, Tew's argument that a proper title search would have uncovered the easement is unavailing because such a search would also have disclosed that Tew later became a fee simple owner of the property after she acquired the easement, and that, therefore, the easement merged into the greater ownership interest. Thus there is no issue of record notice in this case.

As to Tew's contentions concerning actual notice of the easement, the easement was not mentioned in the sales contract, and the warranty deed conveying the property to Hinkle did not mention the easement or reserve any interest in the property to Tew or the other owners of the property. As our Supreme Court noted in *Boyd v. Hand*, when an owner of property conveys it with warranty and without express reservation of an alleged easement, the owner parts with any easement he might claim in the property. Although Tew argues the plat referenced in the deed discloses the easement, the easement is not specifically marked on Tract 5, but is instead marked as an existing driveway. And Tew's assertion in her brief that "[she] met with and showed [Hinkle] exactly where the easement went across Tract 5 for the use of ingress and egress to Tract 1," is not supported

by citation to the record or transcript, and our review of the transcript does not show that she testified to this fact at the hearing. Moreover, Hinkle also testified at the hearing, and her testimony was that neither Tew nor Tew's sister, who handled the negotiations concerning the sale of the property, ever mentioned the existence of an easement to her. Tew's claim that Hinkle had actual notice of the easement is thus unsupported by the record.

2. Citing *Fraser v. Martin*, 195 Ga. 683 (25 SE2d 307) (1943), Tew also argues that the trial court should have applied an equitable exception to the merger doctrine because she did not intend for the easement across Tract 5 to merge into the fee simple estate when she became owner of the tract. But it would seem equally inequitable to allow Tew to claim the existence of an easement when this does not appear to be what the parties bargained for, and when she could have simply protected her rights by making it a part of the sales contract and by making an express reservation in the deed conveying the property. The trial court did not err in refusing to apply an equitable exception to the merger doctrine under the facts of this case.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED APRIL 19, 2005.

*Perrotta, Cahn & Prieto, Michael A. Prieto*, for appellant.
*Vickie L. Ford*, for appellee.