A05A0659. WYNNS v. WHITE et al.
(614 SE2d 830)

MILLER, Judge.

Chris Wynns appeals from the trial court's grant of partial summary judgment to Richard White and Bill Miles on his complaint for declaratory judgment, trespass, injunctive relief, and damages. Wynns argues that the trial court erred in concluding that White and Miles have an irrevocable easement across his property. We affirm.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and

that the undisputed facts warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We review the grant of a motion for summary judgment de novo, and view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Feazell v. Gregg*, 270 Ga. App. 651, 654 (2) (607 SE2d 253) (2004).

So viewed, the evidence showed that in 1971, a developer recorded a Declaration of Restrictive Covenants providing the lot owners ingress to and egress from certain recreational areas in the so-called "Lake George Subdivision." In 1972, the developer conveyed roads, recreational areas, and other amenities to the subdivision's property owners association (the Association) with a right of reversion for nonuse. In 1994, the developer claimed that because one of the recreational areas, Area #6, was not being used for the purposes intended, such property had reverted back to him pursuant to the reversion clause. He then conveyed Area #6 to Emory Bennett by quitclaim deed. The Association disputed that such property had reverted back to the developer. Nevertheless, Bennett conveyed Area #6 and other property to Chris Wynns in 1998.

Both appellees own lots in the subdivision. In 1977, Bill Miles became owner of a lot in the subdivision by warranty deed which referenced the Declaration of Restrictive Covenants filed by the developer, and in 1999, Richard White also obtained a lot in the subdivision by warranty deed, and it is undisputed that the chain of title to White's lot specifically referenced the covenants relating to the use of Area #6.

When Wynns erected a fence in Area #6, White and Miles destroyed the fence, prompting Wynns's lawsuit. Wynns filed a complaint for declaratory judgment, trespass, injunctive relief, and damages against White, Miles, and the Association. However, after conveying its interest in Area #6 to Wynns the Association was dismissed from the suit. Following cross-motions for summary judgment, the trial court ruled that although Wynns holds title to Area #6, White and Miles have an irrevocable easement to the property (and that other triable issues remain).

Wynns challenges the grant of summary judgment to the appellees, arguing that because the appellees' deeds fail to adequately identify Area #6 and there is no plat that specifically references the property, they have no claim to an irrevocable easement. It is well settled that subdivision lot owners obtain an irrevocable easement to recreational areas where they have purchased the lots by deeds which make specific reference to the Declaration of Restrictive Covenants. *Hendley v. Overstreet*, 253 Ga. 136, 136-137 (318 SE2d 54) (1984).

Both White and Miles were put on notice of their easement to Area #6 when they purchased lots in the subdivision. Although the record does not contain a plat showing property designated as "Area #6," the property is described in the conveyance to the Association as "[l]ocated between Lot No. 77[,] Lake George, and Pine Avenue, including causeway to the creek, near the railroad bridge, known as the headwaters of the Gress River." This discloses with sufficient certainty the location of the easement. See *Murdock v. Ward*, 267 Ga. 303, 303-304 (1) (477 SE2d 835) (1996) (Georgia law does not require perfection in the legal description of an easement). Moreover, all the parties describe the 1.542 acres conveyed to Bennett and subsequently to Wynns as Area #6. The legal description and attached plat in those deeds describe the area over which White and Miles have an irrevocable easement with sufficient detail as to remove all reasonable doubt as to the location of the property.

The trial court did not err in granting summary judgment to the appellees on this ground.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 9, 2005.

*Henderson & Harvey, John D. Harvey*, for appellant.
*Ray C. Smith*, for appellees.