A07A1477, A07A1478. GILBERT et al. v. FINE et al.;
and vice versa.
(653 SE2d 775)

RUFFIN, Judge.

Dennis Fine, Christina Fine, and George Patronis (collectively, the "plaintiffs") filed this action against Thomas Gilbert, Marilyn Gilbert, and Albert Remler (collectively, the "defendants"), seeking ejectment and a declaratory judgment, contesting the validity of a purported perpetual easement on the plaintiffs' property created by a previous owner.[1] The defendants counterclaimed, asserting claims for trespass and intentional interference with the use and enjoyment

---

[1] The plaintiffs also asserted claims for trespass, temporary and permanent injunctive relief, punitive damages, and attorney fees, but later dismissed those claims.

of their property. On cross-motions for summary judgment, the trial court granted summary judgment to the plaintiffs and denied summary judgment to the defendants. The defendants appeal, contending that the trial court's summary judgment ruling was erroneous, and the plaintiffs cross-appeal, arguing that the trial court erred in failing to grant the affirmative relief they requested. For reasons that follow, we affirm.[2]

### Case No. A07A1477

On appeal, we review the trial court's grant of summary judgment de novo to determine whether the evidence of record, viewed in a light most favorable to the nonmoving party, demonstrates any genuine issue of material fact.[3] Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[4] So viewed, the evidence shows that Evie Langford owned land that was subdivided into five lots numbered 1, 2, 3, 22, and 23. There was a house on Lot 1, which encroached onto Lot 2. When Langford decided to sell the lots, she wanted to sell Lots 1 and 2 separately, without razing the residence on Lot 1, to maximize her sales proceeds, but determined that she could not relocate the boundary lines between the two properties because of various zoning ordinances. Thus, Langford planned to create an encroachment easement for Lots 1 and 2, and executed a "Perpetual Easement" drafted by her attorney and defendant Remler. That gave the owner of Lot 1 full and complete use of the eastern portions of Lots 22 and 23 for various purposes, "including but not limited to construction of a garage . . . or other out building, landscaping, fencing and/or using [sic] for recreational purposes." Paragraph 7 of the easement stated that "[G]rantor's future conveyance of the [s]ervient [t]racts shall be expressly subject to the easements contained herein."

Thereafter, Langford entered into a written agreement to sell Lot 1 to defendants Thomas and Marilyn Gilbert; the agreement specifically referred to the perpetual easement. At the closing, Langford executed a warranty deed conveying Lot 1 to the Gilberts that specifically stated that it included all rights, including the perpetual

---

[2] The plaintiffs originally appealed to the Supreme Court of Georgia based on their belief that the case sounded in equity and involved title to land. The Supreme Court found that the appeal "does not invoke [the Supreme Court's] title to land jurisdiction" and that "any injunctive relief sought was merely ancillary" to the legal issues raised, and transferred the case to this Court. The defendants filed their cross-appeal in this Court.

[3] See OCGA § 9-11-56 (c); *Wynns v. White*, 273 Ga. App. 209, 209-210 (614 SE2d 830) (2005).

[4] See id.

easement. The Gilberts then conveyed a life estate in Lot 1 to their parents/in-laws, Remler and his late wife.

Langford also executed a sales contract to sell Lots 22 and 23 to Rob Renno. The contract expressly stated that the property was subject to the perpetual easement over the eastern portions of the lots for the benefit of Lot 1. After Renno assigned the contract to Patronis Properties, Inc., Langford conveyed Lots 22 and 23 to Patronis Properties by warranty deed, which did not refer to the perpetual easement for the benefit of Lot 1. Patronis Properties later conveyed Lot 22 to plaintiff George Patronis and Lot 23 to plaintiffs Dennis and Christina Fine. Neither warranty deed referred to the perpetual easement.

After the plaintiffs filed their action to quiet title and for eject-ment, the parties filed cross-motions for summary judgment and the trial court ruled in favor of the plaintiffs, concluding that the pur-ported perpetual easement was invalid and void ab initio.

1. The defendants argue that the trial court erred in granting summary judgment to the plaintiffs and in denying their own motion for summary judgment. We disagree.

(a) In ruling in the plaintiffs' favor, the trial court concluded that the merger doctrine "operated to extinguish the purported perpetual easement." In Georgia, " '[w]here there is a union of an absolute title to and possession of the dominant and servient estates in the same person, it operates to extinguish any such easement absolutely and forever.' "[5] OCGA § 44-6-2 provides that "[i]f two estates in the same property shall unite in the same person in his individual capacity, the lesser estate shall be merged into the greater."

The defendants argue that the merger doctrine applies only when the union or combination of estates occurs *after* the execution of the easement and thus, because Langford held all of the lots at issue before she created the purported perpetual easement, the merger doctrine is inapplicable here.[6] The defendants have failed, however, to provide authority requiring such an express limitation. And pretermitting whether the merger doctrine is so limited, the law is clear that "no man can have an easement in his own land."[7] " 'It is axiomatic that one cannot have an easement upon his own property, for the lesser estate, represented by the easement, will be merged into the fee, upon which it is subservient.' "[8] Thus, Langford's attempt to create an easement across one portion of her property for the benefit

---

[5] *Elrod v. Elrod*, 272 Ga. 188, 190 (2) (526 SE2d 339) (2000).

[6] See id.; *Tew v. Hinkle*, 273 Ga. App. 12, 12-13 (1) (614 SE2d 160) (2005).

[7] (Punctuation omitted.) *Elrod*, supra; see *Tew*, supra at 12.

[8] *Tew*, supra, quoting *Grizzard v. Broom*, 136 Ga. 297, 299 (3) (71 SE 430) (1911).

of another portion while she still owned both was ineffective and the purported easement was invalid.[9]

(b) The defendants also contend that the plaintiffs had actual and constructive knowledge of the easement when they acquired the property. But the plaintiffs could not have constructive knowledge of an invalid easement.[10] Thus, the defendants' arguments that multiple documents evidenced the easement and that defendant Remler's use of the easement area was open and notorious are unavailing.[11]

The defendants' claim that the plaintiffs had actual notice of the easement is also unsupported by the record. Although the sales contract between Langford and Renno specifically stated that the property was subject to the perpetual easement, Renno never purchased the property and, instead, assigned the contract to Patronis Properties. The easement was not mentioned in the warranty deed from Langford to Patronis Properties nor in the deeds from Patronis Properties to George Patronis and the Fines. "[W]hen an owner of property conveys it with warranty and without express reservation of an alleged easement, the owner parts with any easement he might claim in the property."[12] Thus, the defendants' argument that the plaintiffs had actual notice of the easement fails as a matter of law.

(c) Citing *Fraser v. Martin*,[13] the defendants contend that the equitable exception to the merger doctrine precludes its application to this case because Langford clearly intended to create a perpetual easement over Lots 22 and 23 for the benefit of the owner of Lot 1. But as the plaintiffs point out, whether merger operates against the interest of Langford is irrelevant, as she is not a party to this action and is not harmed by the trial court's ruling. And it would seem equally inequitable to find that the plaintiffs' property was subject to an easement for the defendants' benefit when the deed from Langford to the plaintiffs did not mention such an easement.[14] Thus, the trial court did not err in concluding that an equitable exception to the merger doctrine was inapplicable given the facts of this case.[15]

(d) Finally, the defendants argue that even if the perpetual easement is deemed invalid, Langford conveyed an easement to the defendants when she sold the property to the Gilberts. This argument fails as well. The warranty deed from Langford to the Gilberts

---

[9] See *Elrod*, supra; *Broom*, supra; *Tew*, supra.
[10] See *Tew*, supra at 13.
[11] See id.
[12] Id.
[13] 195 Ga. 683 (25 SE2d 307) (1943).
[14] See *Tew*, supra at 14 (2).
[15] See id.

incorporated the perpetual easement by reference; it did not specifically describe the property included in the purported easement. As the trial court properly concluded, an owner does not create an easement in one portion of her property by merely incorporating by reference an invalid and void easement that she attempted to create on another portion.[16] Thus, this argument presents no basis for reversal.

## Case No. A07A1478

2. In their cross-appeal, the plaintiffs contend that the trial court erred in failing to grant the affirmative relief they sought in their complaint after granting them summary judgment. Specifically, the plaintiffs challenge the trial court's failure to issue a declaratory judgment and an order of ejectment, requesting that this Court remand the case to the trial court with instructions to grant the relief sought in the complaint pursuant to OCGA § 9-11-54 (c).

We find no error. The plaintiffs "move[d] for summary judgment on the remaining count [sic] in their [c]omplaint." In its order, the trial court granted the plaintiffs' motion for summary judgment in its entirety and denied the defendants' motion, finding that "there are no issues of material fact and that [the] [d]efendants cannot prevail as a matter of law. . . . [The] [p]laintiffs are entitled to summary judgment as a matter of law pursuant to OCGA § 9-11-56." In so ruling, the trial court granted all of the relief sought by the plaintiffs. And the plaintiffs have failed to provide any legal authority for their apparent argument that the form of the final order was insufficient or incomplete. Thus, the plaintiffs' enumeration affords no basis for relief, and we affirm.[17]

3. In light of this opinion, the defendants' motion to dismiss the plaintiffs' cross-appeal is rendered moot.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 24, 2007 — 

*Albert N. Remler, Robert C. Koski, Vincent M. Tilley*, for appellants.

*Timothy A. Baxter*, for appellees.

---

[16] See *Hidalgo County Water Control &c. v. Hippchen*, 233 F2d 712, 714-715 (5th Cir. 1956).

[17] See, e.g., *Woodyard v. Jones*, 285 Ga. App. 323, 324 (1) (646 SE2d 306) (2007).