**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 11, 2019**

# In the Court of Appeals of Georgia

A19A0488. IN YOUR DREAMS, INC. et al. v. RAISIN'S RANCH, LLC.

BROWN, Judge.

Raisin's Ranch, LLC, as an alleged assignee of Susan Purcell, brought this action for declaratory judgment against In Your Dreams, Inc. and Anita Ryan to resolve a dispute over the existence and use of an easement on property which belongs to Purcell and which adjoins property owned by Ryan.[1] Raisin's Ranch asserted that no valid easement existed to encumber Purcell's property. On cross-motions for partial summary judgment, the trial court granted Raisin's Ranch's motion and denied In Your Dreams and Ryan's motion, finding that no valid

---

[1] Ryan owns In Your Dreams, an equestrian training and event facility located on her property. Nothing in the record shows that In Your Dreams has any ownership interest in, or even leases, the property owned by Ryan.

easement existed. In Your Dreams and Ryan now appeal the trial court's ruling granting Raisin's Ranch's motion. For the reasons that follow, we reverse the trial court's order.

> On appeal, we review the trial court's grant of summary judgment de novo to determine whether the evidence of record, viewed in a light most favorable to the nonmoving party, demonstrates any genuine issue of material fact. Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

(Citations and footnotes omitted.) *Gilbert v. Fine*, 288 Ga. App. 20, 21 (653 SE2d 775) (2007).

So viewed, the evidence shows that in 1992, Ryan acquired a parcel of land by way of warranty deed. In conjunction with the deed, a plat depicting the property conveyed was recorded in the public record ("the 1992 Plat"). In 1997, Ryan recorded another plat ("the 1997 Plat"), depicting the property she owned at the time divided into three separate tracts referred to as "Tract A," "Tract A-1," and "Tract B." The 1997 Plat also depicts a "50 ACCESS ESMT TO TRACT A-1" which begins at the point where the boundary of Tract A and Tract B meets "Birmingham Road/Highway 372," and continues to the boundary of Tract A and Tract A-1 ("the Easement"). The

Easement benefits Tracts A and A-1 and burdens Tract B. The 1997 Plat does not appear to relate to any transfer or conveyance of the property and is the first recorded document referencing the Easement on the property owned by Ryan.

On November 13, 2000, Ryan conveyed to herself five lots within Tract B, as depicted in the 1997 Plat, via warranty deed. Over the next few years, Ryan conveyed these five lots to various individuals and to a limited liability company. On June 24, 2004, Ryan pledged Tracts A and A-1 as security for debt owed to Washington Mutual Bank, FA and executed a security deed which was recorded in the public record. The legal description of the property to be encumbered by the June 24, 2004 security deed references the 1997 Plat. No specific reference is made to the Easement depicted in the 1997 Plat.

On November 16, 2004, Ryan further encumbered Tract A of her property in favor of Wachovia Bank, National Association by executing an "Open-End Deed to Secure Debt." The legal description of the property does not reference the 1997 Plat or the Easement, but references the 1992 Plat.[2]

---

[2] We note that the legal description refers to the subject property as "Tract A" in the 1992 Plat, but the 1992 Plat does not designate any of the property as Tract A.

On July 14, 2006, Ryan executed a "Deed to Secure Debt, Assignment of Rents and Security Agreement" in favor of Power Lending, LLC ("2006 Power Lending Deed"). Pursuant to this agreement, Ryan pledged, as collateral, a portion of Tract B as described in the 1997 Plat. Power Lending subsequently assigned its rights in the July 14, 2006 deed to RBC Bank (USA).

After Ryan defaulted on the underlying debt, RBC foreclosed on the property on August 2, 2011. Susan Purcell purchased the encumbered portion of Tract B ("the servient estate") from PNC Bank, successor by merger to RBC, by limited warranty deed and quitclaim deed on August 27, 2013. The legal descriptions therein do not reference any easement on the property, nor do they reference the 1997 Plat. Believing it to be a valid easement, Ryan and In Your Dreams continued to use the roadway on the servient estate as a means of accessing their property — Tracts A and A-1 as specified in the 1997 Plat ("the dominant estate"). Purcell manages Raisin's Ranch, LLC — the plaintiff in this declaratory judgment action — on the servient estate as a commercial enterprise.

Raisin's Ranch filed a complaint seeking a declaratory judgment that a valid easement did not exist to encumber its *alleged* property. In Your Dreams and Ryan answered and brought counterclaims for continuing trespass and attorney fees. On

4

cross-motions for partial summary judgment, the trial court granted partial summary judgment to Raisin's Ranch and denied that of Ryan and In Your Dreams. The trial court concluded that Ryan had failed to create an express easement, and alternatively that if she had successfully created the Easement, it was extinguished by the subsequent foreclosure of the servient estate. The trial court also found that no easement was created by either implication or necessity. In Your Dreams and Ryan now appeal the trial court's order, contending that the Easement was expressly created by the 1997 Plat, and alternatively, that an easement by implication or necessity was created.

> The Declaratory Judgment Act

> gives superior courts the power to declare rights and other legal relations of any interested party in "cases of actual controversy" under OCGA § 9-4-2 (a) and "in any civil case in which it appears to the court that the ends of justice require that the declaration should be made." OCGA § 9-4-2 (b).

*Leitch v. Fleming*, 291 Ga. 669, 670 (732 SE2d 401) (2012). "There can be no justiciable controversy unless there are interested parties asserting adverse claims upon a state of facts which have accrued." (Citation and punctuation omitted.) *Bd. of Natural Res. v. Monroe County*, 252 Ga. App. 555, 557 (1) (556 SE2d 834) (2001).

5

And in order to show it is an "interested party" under the Declaratory Judgment Act, "a party must show that his rights are in direct issue or jeopardy." Id. Put another way,

> the requisite facts or conditions which the courts generally hold must be present to order that a declaratory judgment may be obtained may be summarized as follows: (1) There must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have *a legal interest in the controversy*, that is to say, a legally protectible interest; and (4) the issue involved in the controversy must be ripe for judicial determination.

(Citation and punctuation omitted; emphasis supplied.) *Felton v. Chandler*, 75 Ga. App. 354, 359 (43 SE2d 742) (1947). With regard to the "legal interest" requirement, we must keep in mind that "[a]n easement has been defined as 'a right in the owner of one parcel of land, by reason of such ownership, to use the land of another for a special purpose, not inconsistent with the general property in the owner.'" Daniel F. Hinkle, Pindar's Ga. Real Estate Law and Procedure, § 8-1 (7th ed., updated April 2017). "The land used by or 'serving' the grantee of the easement is known as the servient tenement; the land served by or benefitting from the easement is known as the dominant tenement." Id. at § 8-2.

As far as this Court can deduce from the record at hand, the owner of the servient estate is not a party to this action. The record is absent of any evidence regarding Raisin's Ranch's relationship to the servient estate apart from the bare allegations in its unverified complaint that Raisin's Ranch "owns" the servient estate and is an "interested party." Both In Your Dreams and Ryan state in their respective answers that they do "not have information sufficient to admit or deny if [Raisin's Ranch] is the proper interested party." The record is devoid of any evidence showing that Raisin's Ranch has any ownership interest in the servient estate. Instead, the record shows, and the parties do not dispute, that Purcell, in her individual capacity, purchased the servient estate; and nothing in the record reflects that Purcell assigned, or transferred, her ownership interest in the servient estate to Raisin's Ranch.[3] Based on the foregoing, we do not believe that Raisin's Ranch is an "interested party" as intended by the Declaratory Judgment Act such that it can bring the current action to declare the nonexistence of an easement across the servient estate. Cf. *7455 Inc. v. Tuala Northwest, LLC*, 274 Or. App. 833, 844 (362 P3d 1179) (2015) (lessee of

---

[3] Nothing in the record shows that Raisin's Ranch even leases the servient estate from Purcell.

dominant estate could not bring action to assert existence of easement). Accordingly, we reverse the trial court's grant of partial summary judgment to Raisin's Ranch.

*Judgment reversed. Barnes, P. J., and Mercier, J., concur*.